## UNITED STATES v. COTTON VALLEY OPERATORS COMMITTEE et al.

### Civ. A. No. 2209.

United States District Court
W. D. Louisiana, Shreveport Division.

Sept. 20, 1949.

Judgment Affirmed April 24, 1950.
See —— U.S. ——, 70 S.Ct. 793.

Tom C. Clark, Atty. Gen., John F. Sonnett, Asst. Atty. Gen., Geo. B. Haddock and W. B. Watson Snyder, Sp. Assts., Washington, D. C., Jas. R. Browning, Sp. Asst., Denver, Colo., Willard R. Memler, Sp. Asst., Washington, D. C., Daniel B. Britt, Sp. Asst., Denver, Colo., and Malcolm E. Lafargue, U. S. Dist. Atty., Shreveport, La., for the United States.

Dixon Carroll, Shreveport, La., Chas. B. Wallace, Dallas, Tex., A. M. Simon, Shreveport, La., Walace Hawkins, Earl A. Brown, Dallas, Tex., for Magnolia Petroleum Co.

A. M. Gee, Findlay, Ohio, C. F. Currier, Shreveport, La., J. P. D'Artois, Shreveport, La., Leon O'Quin, Shreveport, La., Arthur O'Quin, Shreveport, La., for Ohio Oil Co.

Chas. L. Black, Austin, Tex., Dan Moody, Austin, Tex., W. W. Heard, Tulsa, Okl., for Fohs Oil Co. and another.

Jas. D. Heldt, Dallas, Tex., for Bodcaw Cotton Valley Company, Inc., and another.

Leslie Moses, Shreveport, La., C. W. Barnes, Jr., Tulsa, Okl., for Midstates Oil Corporation.

David E. Smitherman, Shreveport, La., for Root Petroleum Co. and others.

Sidney G. Myers, Shreveport, La., John S. Gatti, Shreveport, La., for Welori Lumber Corporation and others.

J. Percival Rice, Dallas, Tex., Russell V. Rogers, Jr., Dallas, Tex., for G. H. Vaughn.

Edward Kliewer, Jr., Blalock, Blalock, Lohman & Blalock, Houston, Tex., Herold,

Cousin & Herold, Shreveport, La., for Woodley Petroleum Co.

Sidney M. Cook, Shreveport, La., Charles D. Egan, Shreveport, La., for J. J. Frommer and another.

J. R. Goff, Shreveport, La., for Hunt Oil Company and others.

A. W. Trice (of Bushby, Harrell & Trice), Ada, Okl., C. H. Lewis, W. Scott Wilkinson, Shreveport, La., for W. A. De-Laney, Jr.,

John M. Madison, Shreveport, La., W. Scott Wilkinson, Shreveport, La., C. Huffman Lewis, Shreveport, La., John T. Guyton, Shreveport, La., Wilkinson, Lewis, & Wilkinson, Shreveport, La., for A. G. Oliphant and others.

David Smitherman, Shreveport, La., for North American and others.

DAWKINS, Chief Judge.

On November 7, 1947, The Ohio Oil Company, one of the defendants in this case, filed a motion to require plaintiff to produce for inspection, certain documents, including reports of the Federal Bureau of Investigation, correspondence, etc., with various persons, all as stated in said motion, which is made part hereof. Similar motions were filed by the other defendants. The Court, having recalled and quashed certain subpoenas duces tecum, obtained ex parte by the Magnolia Petroleum Company, another defendant, for reasons stated in the written opinion of January 2, 1948, D.C., 75 F.Supp. 1, its attention was called to the fact that it had not passed upon the said motion of The Ohio Oil Company. Being of the impression that the latter was, in all material respects, similar to the motion to produce and subpoenas duces tecum previously disposed of on said January 2, 1948, the said motion of The Ohio Oil Company, was, on April 21, 1948, denied in a memorandum opinion filed April 22 and as appears from a written order to that effect filed June 1, 1948. D.C., 77 F.Supp. 409.

Counsel for other defendants had filed similar motions to produce and, at the several hearings, appeared and joined in the contentions of The Ohio Oil Company.

Thereafter, on August 26, 1948, the said The Ohio Oil Company filed a motion to vacate the said order of April 21, 1948, which had denied its motion to produce and this was argued and submitted on September 17, 1948. Subsequently, the matter was, on February 21, 1949, reset for hearing on March 11, 1949, at which time, having heard further arguments, it was ordered that the Government produce the documents requested by The Ohio Oil Company "with the right to submit to the Court for ruling any documents they desired to claim to be privileged."

On May 10, 1949, plaintiff filed a motion to vacate said order of March 11, 1949, and on June 15, following, it was heard and defendants declined to accept the Government's offer of partial compliance by filing an abstract of factual information contained in the reports of the Federal Bureau of Investigation, and the Court indicated its purpose to adhere to the ruling requiring the Government to produce the documents. At this time counsel for the Government requested time to contact the Attorney General, before the Court finally ruled on the said motion to vacate, which was granted, and on the following day, June 16, 1949, when the hearing was resumed and the Court denied the said motion to vacate, counsel for the Government was given additional time to consult with the Attorney General as to whether the Court's order to produce would be complied with, and the question of what was to be done in case of refusal was reset for July 7, 1949.

On the last mentioned date, counsel for the Government appeared and submitted further authorities as to the right of the Attorney General to claim and for himself determine the question of privilege as to the documents called for in the motions to produce. Thereupon, after considering said cases, the Court stated from the Bench that to sustain this contention, would in effect, amount to an abdication of the Court's duty to decide the matter and leave it entirely in the hands of the Attorney General; that if the documents were submitted to the Court, with such claims as to

privilege as the Attorney General desired to make, they would be considered before allowing opposing counsel to see them and if it appeared, in the Court's judgment, that production of any part thereof would be injurious to public interest, they would be excluded; otherwise, the order to produce for the inspection of defendants would be sustained. This, having been declined, counsel was told that a reasonable time would be allowed for further consideration, and the latter, stating no additional time was desired, the Court announced that the only course left was to dismiss the complaint for failure to comply with its orders. All the motions by both sides, above enumerated, and the minutes of the Court, and notes of the court reporter are made part hereof.

It is therefore ordered, adjudged and decreed that this cause be dismissed for the failure of plaintiff to comply with the Court's order to produce for its inspection the documents called for in the motions, so it could determine the question of privilege under the law.