Charles H. WILLIAMS, J. L. Ware, M. Kinsey, Rosalie Wilson and Leona Brown, Plaintiffs,

v.

Melvin Shad OWEN, d/b/a "Four Way Cafe—Gertrude's Home Cooking," Glen Hutchinson, d/b/a "Glen's Restaurant," Robert White and Eva White, d/b/a "Bob White Cafe," Defendants.

Civ. A. No. 1638–D.

United States District Court
E. D. Illinois.

Dec. 18, 1959.

Richard D. Tumbel, Jr., McCoy, Ming, & Leighton, Chicago, Ill., Billy Jones, East St. Louis, Ill., for plaintiffs.

Ralph D. Walker and Edward G. Maag, Walker & Williams, East St. Louis, Ill., Loyd M. Bradley, Carbondale, Ill., for defendants.

JUERGENS, District Judge.

This cause is before the Court on the defendants' motion to dismiss the complaint. They allege that Counts I, III and V of the complaint are based on the provisions of Section 125, Chapter 38, Illinois Revised Statutes, and under the provisions of said statute liability is limited to $500, and that in Counts II, IV and VI the plaintiffs assert a common law action for which there is no foundation under Illinois law.

The defendants have also filed a motion to dismiss and for default judgment. The latter motion is bottomed on the failure of the plaintiffs to answer interrogatories and request for admissions of fact propounded to them by the defendants.

Jurisdiction is founded on diversity of citizenship. The plaintiffs are citizens and residents of states other than the State of Illinois, and the defendants are residents of the State of Illinois. The amount in controversy is alleged to exceed the sum of $3,000, exclusive of interest and cost. The cause was filed on June 17, 1958.

The motion to dismiss for failure to show jurisdiction in this Court as to Counts I, III and V and for failure to state a cause of action in Counts II, IV and VI will be considered first.

In Counts I, III and V of the complaint the plaintiffs assert that the

defendants named in each of the counts violated Section 126, Chapter 38, Illinois Revised Statutes, and are accordingly liable to the plaintiffs as provided therein. Section 126, Chapter 38, provides as follows:

"That any person who shall violate any of the provisions of the foregoing section by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities or privileges in said section enumerated, or by aiding or inciting such denial, shall for every such offense, forfeit and pay a sum not less than twenty-five ($25) dollars nor more than five hundred ($500) dollars to the person aggrieved thereby, * * * "

The statute above set out clearly limits the liability for a violation thereof and specifically provides that such limitation shall be $500. Thus, it is clear that the amount in controversy in Counts I, III and V is insufficient to provide jurisdiction in this Court. Accordingly, Counts I, III and V must be dismissed for lack of jurisdiction.

The defendants assert that there is no common law civil rights remedy for refusal of a restaurant owner to render service to anyone on account of race, color or creed; that the defendants were in truth and in fact restaurant owners and not innkeepers and, accordingly, were not subject to the common law duties and responsibilities of innkeepers.

The Court has examined the law of the State of Illinois concerning liability of a restaurant owner for refusing to render service to anyone on account of race, color or creed and finds that there is no provision in the common law which requires that a restaurant owner render service to anyone on account of race, color or creed. However, the complaint alleges that the defendants were innkeepers and as such would be subject to common law liability to provide service regardless of race, color or creed. Since the complaint alleges that the defendants were innkeepers and since there is no evidence before this Court to show the contrary, a motion to dismiss on the grounds that Counts II, IV and VI fail to state a cause of action must be denied.

Next to be considered is the defendants' motion to dismiss and for default judgment for failure of the plaintiffs to answer interrogatories propounded to them pursuant to Rule 33 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. and requests for admissions of fact pursuant to Rule 36 of the Federal Rules of Civil Procedure, Title 28 U.S. C.A.

The plaintiffs have failed to file a response, either by way of answer or objection, to the various interrogatories and requests for admissions of fact as requested by the defendants. The interrogatories were propounded to the plaintiffs by the defendants by mailing same to the attorneys for the plaintiffs on the 22nd day of April, 1959. Thereafter, the defendants filed their motion to dismiss, which motion was set for hearing on June 1, 1959. This hearing was postponed at the request of the plaintiffs. On June 29, 1959, the defendants served upon counsel for plaintiffs an additional set of interrogatories and a set of requests for admissions. On motion of the plaintiffs the Court on July 16, 1959, granted the plaintiffs an extension of time up to and including September 11, 1959, in which to file objections or answers to the interrogatories and requests for admissions of fact. Notwithstanding the extension of time, the plaintiffs have failed to reply to the requests for admissions and the interrogatories or to present any objections thereto.

On November 13, 1959, the Court set down this cause for oral hearing on all pending motions, which included both motions here under consideration. Notice of the hearing was given to all parties. Notwithstanding the notice of the hearing, the plaintiffs' local attor-

ney appeared and stated that counsel for the plaintiffs had asked that he again obtain a continuance from the Court. No reason for failure to appear or failure to answer or otherwise reply to the interrogatories or the requests for admissions of fact was presented.

Rule 37 of the Federal Rules of Civil Procedure provides in pertinent parts as follows:

"Rule 37. Refusal to Make Discovery: Consequences.

\* \* \* \* \* \*

"(d) Failure of Party to Attend or Serve Answers. If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with proper notice, or fails to serve answers to interrogatories submitted under Rule 33, after proper service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party. \* \* \*"

In accordance with Rule 37 the courts have held that dismissal of an action and the entry of default judgment is proper where there has been a wilful violation of the letter and spirit of the Federal Rules of Civil Procedure pertaining to discovery procedures. Dismissal of the action and entry of default judgment against the party failing to respond should be ordered by the court where there is wilful failure of the opposing party to answer interrogatories or to respond to the request for admissions of fact. Milewski v. Schneider Transportation Company, 6 Cir., 238 F. 2d 397.

The Court finds that plaintiffs in this case wilfully failed to answer the interrogatories or to respond to the defendants' requests for admissions of fact or to enter any objections thereto within the period of time prescribed by statute and within the further time granted by the court. Accordingly, the Court finds that the plaintiffs' failure to answer was wilful and that this Court should dismiss the action and enter default judgment in favor of the defendants.