Clarence **SHEPARD**

v.

**GENERAL MOTORS CORPORATION.**
David **SHEPARD**, by his father and next friend, Clarence Shepard

v.

**GENERAL MOTORS CORPORATION.**

Civ. A. Nos. 2461, 2462.

United States District Court
D. New Hampshire.

Feb. 3, 1967.

Amended Order June 6, 1967.

James M. Winston, Manchester, N. H., for plaintiff.

Devine, Millimet, McDonough, Stahl & Branch, Shane Devine, Manchester, N. H., for defendant.

ORDER ON PLAINTIFFS' MOTION THAT JUDGMENT BE ENTERED FOR PLAINTIFFS IN EACH ACTION, AND THAT ISSUE OF DAMAGES BE SET FOR DETERMINATION BY JURY

CONNOR, District Judge.

These are two actions brought against General Motors Corporation for injuries which David Shepard allegedly suffered when an automobile struck him as he was crossing a street in Manchester, New Hampshire, on August 10, 1963. The injuries were allegedly due to the hood ornament of a 1955 Chevrolet. The plaintiffs instituted these actions by writs dated March 4, 1964, and returnable to the Superior Court in the County of Hillsborough, State of New Hampshire, on the first Tuesday of June, 1964. The actions were removed to this court on March 11, 1964, under the provisions of Title 28, United States Code, Section 1332.

Once these causes of action were properly within the jurisdiction of this court, it was incumbent upon both parties to conduct said causes in compliance with the Federal Rules of Civil Procedure. The history of these cases, related below, will indicate that the defendant, General Motors Corporation, has displayed a wilful disregard for the rights of the plaintiffs, for the Federal Rules of Civil Procedure, and for the orders of this Court. The dilatory and contumacious conduct of the defendant has disrupted the orderly administration of justice and has impeded and frustrated the plaintiffs in the investigation and presentation of their cases.

On October 2, 1965, October 7, 1965, and October 28, 1965, the plaintiffs filed Sets Nos. 2, 3 and 4 of interrogatories propounded to General Motors Corporation. As provided in Rule 33 of the Federal Rules of Civil Procedure, " * * the party upon whom the interrogatories have been served shall serve a copy of the answers on the party submitting the interrogatories within 15 days after the service of the interrogatories, unless the court, on motion and notice for good cause shown, enlarges or shortens the time." Since the defendant failed to respond to the interrogatories either by way of answer or objection within the specified time, the plaintiffs, pursuant to Rule 37(a), filed a motion on December 8, 1965, requesting the Court to order the defendant to file answers. When this motion was heard on January 18, 1966, counsel for the defendant represented that he would answer within 30 days, and this Court ordered that the interrogatories be answered within 30 days. Since the defendant again failed to respond to the interrogatories either by way of answer or objection within the specified time, the plaintiffs, pursuant

to Rule 37, filed a motion on March 29, 1966, requesting the Court to enter a judgment by default against the defendant and to set the issue of damages for trial by jury. Due to the Court's indisposition, the motion was not heard until November 2, 1966. It should be noted that during this period of unavoidable delay, the defendant apparently made no effort to answer the interrogatories. At that hearing, the only explanation that the defendant offered for its failure to respond was that it "was busy elsewhere." This is typical of the defendant's conduct throughout the proceedings. On November 7, 1966, the Court ordered the defendant to answer the interrogatories within 30 days or, in the alternative, to permit plaintiffs' counsel to travel to Detroit for the purpose of taking the depositions of three individuals designated by the plaintiff, the expense of which would be borne by the defendant. The Court was more than just in allowing the defendant a second chance to respond, and the Court expected that the issues would be joined and that the case would proceed properly and expeditiously. At the end of the 30 day time limit, to wit, December 7, 1966, the defendant did file answers to Set No. 2 of the interrogatories. However, the defendant's only response to Sets Nos. 3 and 4 was a motion, filed on December 7, 1966, to extend time to answer the interrogatories. The defendant's reasons, stated in the motion, for seeking a third extension of time to answer Sets Nos. 3 and 4 were as follows: (1) Set No. 3 was propounded to H. H. Shroeder and cannot be answered because of the decease of said H. H. Shroeder; and (2) Set No. 4 was propounded to Howard K. Gandelot and cannot be answered because said Howard K. Gandelot has left the employ of the defendant and is no longer under its control. As will be explained below, these reasons are inadequate.

On January 6, 1967, the motion of defendant for extension of time to answer, filed on December 7, 1966, was heard together with the instant motion of the plaintiffs which was filed on December 22, 1966, and which requests the Court to enter a judgment by default against the defendant and to set the issue of damages for trial by jury. At the hearing of the two motions, the Court and the plaintiffs were informed by the defendant for the first time since the interrogatories were initially served that Howard K. Gandelot, to whom Set No. 4 had been propounded, had retired from General Motors Corporation prior to the filing of said set on October 28, 1965. The defendant had the opportunity, while appearing before this Court on January 18, 1966, and on November 2, 1966, in conjunction with previous motions concerning this set of interrogatories, to inform both the Court and counsel for the plaintiffs that Gandelot was no longer in the employ of General Motors. At the hearing of the instant motion, no explanation was given for the defendant's failure to raise this matter sooner and, therefore, the Court cannot now accept such an untimely objection. Defendant's conduct amounts to a deception of this Court and said conduct has materially hampered plaintiffs' counsel in the preparation of these cases. The defendant's reason for not answering Set No. 3 of the interrogatories and for seeking an extension of time is that H. H. Shroeder is deceased. At the hearing of plaintiffs' motion for a default on November 2, 1966, the defendant informed the Court that Shroeder was dead. It later came to the attention of the Court that he had died on September 29, 1966, approximately one year after the interrogatories were filed. It is certainly unrealistic for the defendant to have thought that the Court, in its order of November 7, 1966, was ordering a dead man to respond to Set No. 3. The Court did order said interrogatories

answered because they are "Propounded to General Motors Corporation" and because the prefatory paragraph explicitly provides as follows:

THE FOLLOWING INTERROGATORIES ARE SPECIFICALLY DIRECTED TO H. H. SHROEDER OF GENERAL MOTORS CORPORATION, *AND IN ANY INSTANCE WHERE SAID H. H. SHROEDER IS UNABLE TO ANSWER ANY INTERROGATORY, IT IS RESPECTFULLY REQUESTED THAT THE INTERROGATORY BE ANSWERED BY SUCH GENERAL MOTORS OFFICIAL AS MAY BE IN A POSITION TO GIVE THE ANSWER THERETO, INDICATING THE NAME AND TITLE OF SUCH OFFICIAL.* [Emphasis added.]

Therefore, the defendant has stated no valid reason for not answering Set No. 3 as ordered by this Court.

As further evidence of the defendant's deliberate intention to impede and frustrate the plaintiffs' investigation, it should be noted that the plaintiffs' motion for discovery of certain items, which this Court granted on January 18, 1966, has, as of December 22, 1966, never been complied with by the defendant.

■ This is a classic case for the invocation of the sanction allowed by the rules. At no time prior to December 7, 1966, did the defendant object to the interrogatories as provided by the rules. It is a record of complete indifference to the rules and orders of this Court and manifests contempt when viewed in any light. In the interest of protecting the rights of the plaintiffs, which rights have been wilfully ignored and abused by the defendant, the Court, pursuant to Rule 37(b) (2) (iii) and Rule 37(d), orders that the plaintiffs' motion be granted, that a judgment by default be and hereby is entered for the plaintiff in each of the above-captioned cases, and that the issue of damages in each case be set for determination by a jury. Williams v. Owen, 179 F.Supp. 268 (D.C.E.D. Illinois 1959).

ORDER AMENDING ORDER ON PLAINTIFFS' MOTION THAT JUDGMENT BE ENTERED FOR PLAINTIFFS IN EACH ACTION, AND THAT ISSUE OF DAMAGES BE SET FOR DETERMINATION BY JURY

On February 3, 1967, the Court made the following order:

\* \* \* In the interest of protecting the rights of the plaintiffs, which rights have been wilfully ignored and abused by the defendant, the Court, pursuant to Rule 37(b) (2) (iii) and Rule 37(d), orders that the plaintiffs' motion be granted, that a judgment by default be and hereby is entered for the plaintiff in each of the above-captioned cases, and that the issue of damages in each case be set for determination by a jury.

That order is to be amended as follows: The words "judgment by" are hereby ordered to be stricken out. The amended order shall read as follows:

\* \* \* In the interest of protecting the rights of the plaintiffs, which rights have been wilfully ignored and abused by the defendant, the Court, pursuant to Rule 37(b) (2) (iii) and Rule 37(d), orders that the plaintiffs' motion be granted, that a default be and hereby is entered for the plaintiff in each of the above-captioned cases, and that the issue of damages in each case be set for determination by a jury.

It is so ordered.