John F. HASTINGS, Appellant,

v.

MARITIME OVERSEAS CORPORATION.

No. 17724.

United States Court of Appeals Third Circuit.

Argued May 20, 1969.

Decided June 9, 1969.

William M. Heiman, Dorfman, Pechner, Sacks & Dorfman, Philadelphia, Pa., for appellant.

Joseph J. Murphy, Murphy, Veldorale, Weisbord & Dougherty, Philadelphia, Pa. (Bernard J. McNulty, Jr., Philadelphia, Pa., on the brief), for appellee.

Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM:**

Plaintiff, a seaman, brought this action for maintenance and cure. He disregarded the defendant's interrogatories and a number of notices to take his oral deposition. On August 18, 1967 he filed a motion for a protective order requiring the defendant to pay the cost of his attendance at his deposition in Philadelphia on the claim that he was impecunious, was totally disabled and had no means or resources to pay the cost of his travel to Philadelphia from his place of residence in Los Gatos, California. The District Court denied the motion on August 22, 1967. Defendant thereafter filed further notices for the taking of plaintiff's oral deposition and when he did not appear filed a motion on July 16, 1968, for an order compelling plaintiff to be produced for oral examination and for sanction if he failed to do so. On July 25, 1968 the District Court ordered plaintiff to be produced for oral deposition for the purpose of discovery within sixty days and directed that on failure to do so, the Clerk of the court should mark the complaint dismissed with prejudice. Plaintiff not having been produced on the expiration of the sixty day period, defendant moved to dismiss the complaint with prejudice, alleging both the failure to answer interrogatories and to appear for oral depositions as directed in the Court's order of July 25, 1968. After argument the District Judge entered an order on November 5, 1968 dismissing the complaint with prejudice.

It is regrettable that a litigant's cause of action should be lost without consideration of its merits because of procedural or ancillary matters, especially where the litigant is a seaman, who is a special ward of admiralty. Here whatever may have been the reason for the inability or failure of the plaintiff to appear for oral depositions, there is no excuse for the failure to answer the interrogatories. Plaintiff was represented by counsel throughout these proceedings and plaintiff's complete good faith could have been demonstrated by a full answer to the interrogatories. Moreover, such answers might have avoided defendant's need for his oral depositions, and at least might have demonstrated to the court that defendant's remaining need did not equal the burden involved in compelling plaintiff to travel to Philadelphia. Even if there had been error in the denial of plaintiff's motion for protective order, the dismissal of the complaint would still be justified because of plaintiff's failure to answer the interrogatories, which imposed no hardship on him. See Federal Rule of Civil Procedure 37(d). In the circumstances of this case, therefore, the District Judge was justified in ordering dismissal of the action.

The order of the District Court will be affirmed.