WALDEN, Judge
(specially concurring).
I respectfully concur only in the conclusion reached by the majority. Further, I am clearly persuaded that the sanctions provided in Rule 1.380(d), F.R.C.P., to include entry of a judgment by default, may be applied equally against either parties plaintiff or parties defendant, the majority opinion and the provisions of Rashard v. Cappiali, Fla.App.1965, 171 So.2d 581, to the contrary notwithstanding. I see nothing contrary to this in the language of the rule or, with the exceptions above noted, in the cases which have construed the rule. In Williams v. Owen, E.D.Ill.1959, 179 F.Supp. 268, the court in applying Rule 37(d) of the Federal Rules of Civil Procedure entered default judgment in favor of defendants and against the plaintiff because of the plaintiff’s failure to answer certain interrogatories.
We know that judgments may be entered upon the merits in favor of one party or the other at the conclusion. We also know that either party may be guilty of a default, a default being an omission, neglect or failure of a party to take steps required of him in the progress of the cause. See Black’s Law Dictionary, 4th Edition 1951, page 505. Thus, it is this writer’s understanding that either party may be guilty of a default. In which case the defaulting party, be he plaintiff or defendant, may be liable under the mentioned rule to suffer entry of judgment.