**RALPH E. WEEKS COMPANY, INC.,**
**Plaintiff,**

v.

**Arthur KEARNEY and A. W. Chesterton**
**Company, Defendants.**

**Civ. A. No. 72–141.**

United States District Court,
M. D. Pennsylvania.

Jan. 10, 1973.

———◆———

Carlon O'Malley, Jr., Scranton, Pa., for plaintiff.

James W. Scanlon, James M. Howley, Scranton, Pa., Ely, Bartlett, Brown & Proctor, Boston, Mass., for defendants.

## OPINION

MUIR, District Judge.

This case presents a classic example of the inexcusable sedentariness which plagues our judicial system. As of this date, Plaintiff Ralph E. Weeks Company, Inc., has failed to respond in any manner to the interrogatories propounded on July 7, 1972 by defendants Arthur Kearney and A. W. Chesterton Company. Defendants have requested that this Court grant a continuance of the trial scheduled for January 16, 1973, or in the alternative that Plaintiff's action be dismissed. The latter motion will be granted for reasons set forth below.

The Complaint in this case was filed on March 23, 1972. By order dated April 27, 1972, the case was placed on a trial list beginning January 16, 1973, and the completion date for discovery was set for January 2, 1973. Defendants filed a set of fifteen interrogatories on July 7, 1972. Under Fed.R.Civ.P. 33(a), Plaintiff was required to serve its answers to the interrogatories, and objections if any, by August 7, 1972. Plaintiff has not served any answers or objections for a period of more than six months, has not requested that the Court

allow a longer time for response under Fed.R.Civ.P. 33(a), and has not sought a protective order under Fed.R.Civ.P. 26 (c). Such disregard of the Federal Rules of Civil Procedure cannot be countenanced.

■ Fed.R.Civ.P. 37(d) provides that where one party fails to serve any answers or objections to interrogatories, the Court "may make such orders in regard to the failure as are just." What sanction is just depends on the degree of culpability of the delinquent party. Here the president of plaintiff corporation has stated in an affidavit dated January 6, 1973, that he and other employees of the corporation have spent approximately 35 to 40 hours in reviewing the corporate records to cull the information necessary to answer Defendants' interrogatories, that this amount of time represents the maximum which was available to such employees, and that they have secured the information necessary to answer five of the fifteen questions. In my view, Plaintiff has not justified its niggardly output of time nor its failure to attempt to obtain from this Court respite or relief from answering all or some of the interrogatories. Because Plaintiff's failure is due to his own fault, dismissal of his action is appropriate. Sivelle v. Maloof, 373 F.2d 520 (1st Cir. 1967); Waters v. Lowry, 238 F.2d 398 (6th Cir. 1956); Fond du Lac Plaza, Inc. v. Reid, 47 F.R.D. 221 (E.D.Wis.1969); Williams v. Owen, 179 F.Supp. 268 (E.D.Ill.1959); see Hastings v. Maritime Overseas Corp., 411 F. 2d 1201 (3d Cir. 1969). Continuance of the case would afford Plaintiff the reprieve to which he is not entitled. However, because Defendants are not completely blameless, having awaited the eve of trial to move for a continuance or the imposition of sanctions, the case will be dismissed without prejudice; i. e., this dismissal does not operate as an adjudication upon the merits. Fed.R.Civ.P. 41 (b).