Rafael A. MALDONADO et al.,
Plaintiffs,

v.

INTERNATIONAL BUSINESS MA-
CHINES CORPORATION d/b/a
IBM, Defendant.

Civ. No. 863–67.

United States District Court,
D. Puerto Rico.

Oct. 3, 1973.

See also D.C., 56 F.R.D. 452.

Francis González-Oliver, Hato Rey,
P. R., for plaintiffs.

Radamés A. Torruella-del-Valle, San
Juan, P. R., for defendant.

## MEMORANDUM OPINION AND ORDER

TOLEDO, Chief Judge.

The defendant herein moves to dis-
miss this action with prejudice on
grounds that the plaintiffs have wilfully
failed to comply with the discovery pro-
cedures set forth in Rule 36 of the Fed-
eral Rules of Civil Procedure.

The defendant filed a Request for
Production of Documents and a Request
for Admission of Facts for the first
time on January 18, 1973. Plaintiffs
were scheduled to comply with this re-
quest on January 30, 1973, but plaintiffs
failed to appear on said date and did not
tell the defendants beforehand that they
would not appear.

The parties met with Judge Sylvester
Ryan on August 9, 1973 and an agree-
ment was reached to have the parties
get together on August 15, 1973 to ful-
fill defendant's discovery requests.
Plaintiffs then requested an extension
of time and defendant agreed to hold
the meeting on August 23, 1973 at 9:00
a. m. instead of August 15th. Never-
theless, on August 23, 1973, plaintiffs
again simply failed to appear, and have
not met with the defendant concerning
discovery procedures on any date there-
after.

The plaintiffs have at no time filed
for a protective order in relation to de-
fendant's January 18th's request for
production of documents.

The Court had granted the plaintiffs
until March 20, 1973 to comply with de-

fendant's discovery procedure but no other extension has been granted since then.

As things stand now, more than seven (7) months have elapsed since defendant filed its original request, and more than five (5) months have elapsed since the March 20th's extension expired.

Defendant contends that the aforementioned course of events indicates a willful desire on the part of plaintiffs to disregard the Federal Rules of Civil Procedure, and that inasmuch as this attitude has caused defendant to petition for aid from this Court, it has caused them unnecessary expenses.

The following is added indicia of plaintiff's intrasigence:

At the informal meeting held on August 9, 1973, plaintiffs assured defendant that answers to defendant's request for admission of facts would be forthcoming within the next 10 days.

On August 22, 1973, and only after having received defendant's motion requesting facts be established as admitted, plaintiffs filed another motion requesting an additional 30 days to comply with the discovery requests.

On September 6, 1973, the defendant filed the present motion to dismiss based on plaintiffs' persistent refusal to abide by the rules of discovery set forth in the Federal Rules of Civil Procedure.

It was not until after the aforementioned motion to dismiss was filed that plaintiffs, on September 10, 1973, filed an answer to the subject request for admission of facts. The introductory paragraph of plaintiffs' answer indicates a reluctance to comply in good faith with the intent of Rule 36 of the Federal Rules of Civil Procedure inasmuch as plaintiffs state therein that "the answers herein below set forth are subject to all pertinent objections to admissibility which may be interposed by plaintiffs at trial."

We feel, in view of the foregoing, that plaintiff has willfully disregarded the Federal Rules of Civil Procedure for the past five (5) months, and that the appropriate sanction to be imposed herein is dismissal of the complaint with prejudice as provided in Rule 37 (d).

Although the 1970 Amendments to Rule 37 eliminated the need to show willfulness when disregarding discovery requests under Rule 36, the degree of willfulness present in this plaintiffs' failure to comply, we feel, justifies the severity of the sanction we have imposed. See 4A Moore's Federal Practice, Section 37.05, pp. 37–95.

In addition, case law shows that the harsh sanction of outright dismissal usually calls for some degree of willfulness. There are a number of cases in which the court has dismissed the action for failure of the plaintiff to produce documents. Diapulse Corp. of America v. Curtis Publishing Co., 374 F.2d 442 (CA2 1967); Trans World Airlines, Inc. v. Hughes, 332 F.2d 602 (CA2 1964), cert. dismissed (1965), 380 U.S. 249, 85 S.Ct. 934, 13 L.Ed.2d 817; United States v. Cotton Valley Operators Comm. (WD La.1949), 9 F.R.D. 719, aff'd by equally divided court (1950), 339 U.S. 940, 70 S.Ct. 793, 94 L.Ed. 1356, rehearing den'd (1950), 339 U.S. 972, 70 S.Ct. 994, 94 L.Ed. 1379.

Our own First Circuit Court of Appeals has affirmed a judgment of dismissal for failure to discover although plaintiff therein had moved for a protective order. See Kelley v. United States, 338 F.2d 328 (CA1 1964). Other courts have done the same. Milewski v. Schneider Transp. Co., 238 F.2d 397 (CA6 1956); Hastings v. Maritime Overseas Corp., 411 F.2d 1201 (CA3 1969).

The leading cases as to willfulness is Weston & Brooker Co. v. Continental Cas. Co., 303 F.2d 91 (CA4 1962), which held that the District Court had not abused its discretion in striking defendant's answer and entering judgment for the plaintiff where defendant

was untimely in answering a set of interrogatories. See also Robison v. Transamerica Ins. Co., 368 F.2d 37 (CA 10 1966) and Bollard v. Volkswagen of America, Inc., D.C., 56 F.R.D. 569 (1971).

Two companion cases to the case at bar, Barlett v. IBM, Civil No. 852–68 and Noqueras v. IBM, Civil No. 853–68, were (by Order of Chief Judge Hiram R. Cancio filed and entered on June 30, 1969) dismissed with prejudice for plaintiffs' failure to answer interrogatories.

Plaintiffs in the case at bar were aware, or should have been aware, of the sanctions imposed by this Court in both *Barlett* and *Noqueras*, supra, since this Court in its Order of January 18, 1973, copy of which was served on plaintiffs' counsel herein, stated, at the top of page 2, that:

"In both Barlett v. IBM, Civil No. 852–68 and Noqueras v. IBM, Civil No. 853–68, this Court issued orders dated June 30, 1969, dismissing said actions with prejudice. Said dismissals were subsequently reiterated by this Court's denial of four (4) consecutive Motions for Reconsideration filed by Plaintiffs herein."

In denying plaintiffs' motion to set aside the Court's Order dismissed plaintiffs' complaint with prejudice, Chief Judge Hiram R. Cancio used the following language in Geigel v. Sea Land Service, Inc., D.C., 44 F.R.D. 1 (1968):

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts. There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734."

For all of the above, this Court grants defendant's motion requesting that plaintiffs' causes of action in Civil No. 863–67 be dismissed with prejudice.

Wherefore, plaintiffs' causes of action in this case are hereby dismissed with prejudice.

It is so ordered.