William S. HINSON, Appellant,

v.

MICHIGAN MUTUAL LIABILITY COMPANY, Appellee.

No. 17897.

United States Court of Appeals
Fifth Circuit.

March 15, 1960.

L. B. Ponder, Jr., Amite, La., for appellant.

Charles M. Hughes, Talley, Anthony & Hughes, Bascom D. Talley, Jr., Bogalusa, La., for appellee.

Before JONES, BROWN and WISDOM, Circuit Judges.

JONES, Circuit Judge.

The appellant here, William S. Hinson, was plaintiff in the District Court where he brought a suit under the Louisiana Direct Action Statute. LSA–R.S. § 22:-655. He alleged that while he was in his automobile, which was stopped behind a bus which was discharging passengers, his car was struck from behind by a truck of the defendant's insured. Negligence was alleged and damages were sought. The defendant insurance company asserted that its insured was not negligent, averred that the plaintiff was guilty of contributory negligence and denied liability. On motion of the defendant an order was entered directing the plaintiff to submit to a physical examination by a designated doctor at a time and place fixed in the order, "or at such other time and date as set by this Honorable Court." The plaintiff failed to appear at the specified time and place. A pretrial was thereafter held and the trial was continued to be reassigned. On the

day the pretrial conference was held the defendant moved for dismissal on the ground, among others, that the plaintiff had failed to appear for examination. Supporting the motion is a "memorandum" which recites that, after learning of the plaintiff's failure to appear for examination at the time fixed by the order, counsel for the defendant wrote plaintiff's attorney advising that the doctor would be out of the State beginning January 21, 1959, until immediately prior to the date the case was set for trial, and stating that the plaintiff might present himself for examination at noon on January 19, 1959, or at 2:00 o'clock p. m. on January 20, 1959. The memorandum continued by reciting that the plaintiff failed to show up on January 19th and on the afternoon of that day a telegram was sent by the defendant's counsel to the plaintiff advising him of "an alternate appointment" on the following day. The telegram was delivered, so says defendant's memorandum, at 4:00 o'clock p. m. January 19, 1959. The memorandum states that the plaintiff failed to appear on the day following.

The plaintiff met the defendant's memorandum with a memorandum of his own. In it the plaintiff says he was not advised of the court's order until after the date fixed in it had expired. The memorandum states that the plaintiff was confined to his bed with influenza on January 20, 1959. The court entered its order dismissing the suit with prejudice and at the cost of the plaintiff. The plaintiff moved for a new trial and rehearing. More memoranda and countermemoranda were filed. The plaintiff gave notice of the taking of the testimony of the plaintiff and of Dr. Charles Genovese. The defendant opposed the taking of the depositions upon notice. The depositions were taken and filed in the cause. The deposed testimony of the plaintiff was that he was ill in bed with the flu on January 19 and 20, 1959. To the same effect was the deposed testimony of Dr. Genovese who attended the plaintiff in this illness. The motion for a new trial and for a rehearing was denied.

This appeal followed. In the defendant's motion to dismiss grounds were assigned in addition to that of the plaintiff's failure to appear for examination. None of the other grounds are here discussed or relied upon. We therefore consider only whether the plaintiff's cause was properly dismissed on the ground that he failed to appear for examination. Much of the rather small record in this case is composed of charges and insinuations of each of the parties against the other. These do not require comment.

The Rule provides:

"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made." Rule 35(a), Fed.Rules Civ.Proc., 28 U.S.C.A.

So also it is provided:

"If any party * * * refuses to obey * * * an order made under Rule 35 requiring him to submit to a physical or mental examination, the court may make such orders in regard to the refusal as are just, and among others the following:

* * * * * *

"(iii) An order * * * dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." Rule 37(b) (2) Fed. Rules Civ.Proc., 28 U.S.C.A.

An order of dismissal with prejudice is a rather drastic remedy. Such an order has been referred to as punitive. Fisher v. United States Fidelity & Guaranty Co., 7 Cir., 1957, 246.F.2d 344. The Advisory Committee in its note to Rule 37 recognizes the impropriety of using such measure as a punishment for contempt.

 The defendant's motion was "for an order compelling the plaintiff to submit to a physical examination by" the named doctor at his designated office "at 2:00 o'clock P.M. on the 2nd day of December, 1958, or at such other time and date as set by this Honorable Court." Upon this motion it was "Ordered by the Court that the said motion be granted." Thus the order directed the plaintiff to appear for examination on December 2nd. This he did not do but the defendant, without then asking the court to impose a Rule 37(b) (2) sanction, undertook to arrange other appointments for the plaintiff to be examined. By so doing we think it waived any right it might have had to seek the penalty of dismissal against the plaintiff. The defendant's motion which the court granted, asked that the plaintiff submit to examination on the date fixed or on such other date as set by the court, not on such date as might be fixed by the defendant. The defendant might have, but it did not, ask the court to specify another time by another order. We do not think, as the defendant insists, the remedies of Rule 37 (b) (2) can be used against the plaintiff for his failure to appear on the January 19 or January 20 date. The failure to appear on these dates was not the refusal to obey the order of the court which order "shall specify the time" of the examination. We conclude the order was improperly entered and that the judgment of dismissal should be reversed.

 The plaintiff asserts that, at the time he was to appear, he was ill at his home some distance from the place where he was to appear, and that he should have been permitted to make proof in support of this assertion in order to excuse his failure to present himself for examination on the dates fixed by the defendant. The rule permits the sanction to be imposed only in the event the party "refuses" to comply with the order. A mere failure, if excusable, would not be a refusal. The failure must have been willful to subject the party to the consequence of his noncompliance. Although the excuse may have been rath-er tardily tendered we think it was entitled to the court's consideration. Gill v. Stolow, 2d Cir., 1957, 240 F.2d 669.

The judgment of the district court will be reversed and the cause remanded for further proceedings. It is expected that the plaintiff will be prepared for a prompt compliance with any order which the court may hereafter make for him to submit to an examination.

Reversed and remanded.