WILLIAM W. HARTMAN, ETC., ET UX., Petitioners, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent; ALBERTO CULVER CO., ET AL., Interveners.

No. O-69-31.     Decided December 12, 1969.

*Ramírez, Segal & Látimer* for petitioners. *Rieckehoff, Calderón, Vargas & Arroyo* for interveners.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

In order to decide this petition for certiorari, we must determine the effect and scope of Rules 30, 34.2 (b), and 34.4 of the Rules of Civil Procedure with respect to the answers to interrogatories and the sanctions imposed for failure to answer them.

On August 9, 1967, petitioners brought an action alleging that the use by petitioner of interveners' product known as Alberto VO 5 containing the ingredient called "Miral" caused her serious damages. It was answered on September 22, 1967, denying (1) that the intervener Alberto

Culver (P.R. Inc.) manufactured or distributed said product, as well as that the interveners caused the alleged damages; (2) the negligence charged against the interveners, and, alleging, on the contrary, that the damages, if they occurred, were due to a characteristic condition of the petitioner herself, and not to any defect whatsoever of the product itself.

On October 6, 1967, petitioners served an interrogatory upon interveners herein. On February 15, 1968, the former applied to the court for an order to compel the interveners to answer said interrogatories. It was so done on February 26, 1968, warning them that the sanctions prescribed by law would be enforced. On April 17, 1968, petitioners requested the trial court, since the hearing of the case was set for May 13, 1968, and the party was interested in that it should not be continued, to enter an order eliminating such allegations in the answer which would preclude the interveners from denying their liability and from denying the allegations of the complaint and to limit the controversy to the amount of the damages.

On April 26, 1968, interveners filed the answer to said interrogatories. On May 1, 1968, petitioners alleged that the interveners failed to answer questions 5a, 5b, 5c, 12, 13, 14, and 15, and that they answered incompletely questions 17, 18, and 19. Those interrogatories and the answers are as follows:

"5. Describe in detail the relation, if any, existing between one and the other codefendant, mentioning
    "(a) Whether the actual control of each corporation is in the hands of the same person or group of persons.
    [Answer]—"Alberto Culver (P.R.) Inc. is a subsidiary company of Alberto Culver Company.
    "(b) Whether the directors or any of them are the same in both corporations.
    "(c) Whether there is any one person or corporation possessing shares in both corporations and what percent of

said shares is possessed by each of said persons or corporations in each of the corporations sued.

"(d) The business relation, if any, existing between both corporations."

Subdivisions (b), (c), and (d) were not answered specifically.

"(12) State the chemical composition of 'Miral'.

[Answer]—"Objected because that is a secret and confidential formula.

"(13) State whether either of the codefendants has received complaints from any person whatsoever in any place in Puerto Rico or in the United States or in any other country, alleging that he or she has sustained any kind of damage by reason of having used the product 'Alberto VO 5 Hair Spray' with or without 'Miral' or any other similar product which at any time has been produced, sold, or distributed by either of the two codefendants.

[Answer]—"Objected because it is irrelevant.

"(14) Mention one by one all the ingredients of which product 'Alberto VO 5 Hair Spray' with 'Miral' is composed, stating likewise the chemical composition of each one of said ingredients and the proportion thereof.

[Answer]—"See answer 12.

"(15) State all the actions for damages which may have been filed against either of the two codefendants from the time either of the two codefendants has been producing, or selling, or distributing, or in any other manner has been connected with the product 'Alberto VO 5 Hair Spray' with or without 'Miral' or with any other similar hair product by reason that any of said products manufactured, sold, or distributed by either of the two codefendants had caused claimant the alleged physical damages. Include in said statement the state or country where said case was brought, the court where it was filed, the name of plaintiff's attorney, the number of the case, and the final decision thereof.

[Answer]—"Objected because it is irrelevant."

On May 6, 1968 the trial court continued the hearing of the case set for the 13th of said month and year. On September 10, 1968, petitioners again applied to the court for an

order compelling interveners to answer adequately questions 5a, 5b, 5c, 5d, 12, 13, 14, and 15, within the peremptory term of 10 days. After several postponements of this term, the interveners answered that:

"Interrogatory No. 5 in its subdivisions a, b, c, d, refers to the relations between codefendants Alberto Culver Company and Alberto Culver, Puerto Rico, Inc. Both codefendants have appeared in the record and are under prosecution. Therefore, who has the effective control of each corporation, who are its directors and its stockholders and what is the relation existing between them, is not significant, since said information could only have the effect of piercing the corporate veil, and in this case there is no controversy, as it appears from the allegations, that Alberto Culver Company manufactures the product Alberto VO 5 Hair Spray and that the same is sold in Puerto Rico by Alberto Culver Puerto Rico, Inc. See answers 6, 8, and 9.

"As to questions Nos. 12, 13, 14, and 15, it is obvious that the same would require us to reveal confidential matter, because the formula under which the aforementioned product is manufactured is secret, and to force the defendants to reveal the information requested would be detrimental to the competitive relations with other manufacturers of similar products.

"On the other hand, if plaintiff is interested in having knowledge of the chemical composition of the product, it would suffice to submit the same to a chemist of its preference. It would be oppressive to permit plaintiff to obtain the expert opinion of an expert paid by the adverse party. See *Fredericks* v. *American Export Lines, Inc.*, 19 F.R.S. 34.411, case 5."

On December 16, 1968, the trial court ordered the interveners to answer questions 5, 13, and 15 and to report the ingredients of "Miral" and of "Alberto VO 5 Hair Spray." On January 15, 1969 petitioners again applied for sanctions against interveners for having failed to answer said interrogatories and to deny a second motion for extension to serve answers. On January 21, 1969, the interveners answered that Alberto Culver Company is the owner of Alberto Culver (P.R.) Inc. The control of the first company corresponds to

numerous stockholders. They enumerated the ingredients of "Alberto VO 5 Hair Spray" and stated that they would report those of "Miral" as soon as they were available; that in connection with the product "Alberto VO 5 Hair Spray" with "Miral" five claims have been filed including the present one, that is, less than one judicial claim for every 10 millions of containers and that they were verifying it and then they would inform the country or state where each of said claims was filed, the court, the name of plaintiff's attorney, the number of the case, and the final decision in each one of them. On January 30, 1969, petitioners informed the trial court that the answer to question 5(d) is not responsive; that questions 12 and 13 were not answered and that question 15 was not answered adequately. On February 10, 1969, the court requested a specific answer to questions 5d, 12, 13, and 15 within the term of 30 days. That same day, in opposition to the imposition of penalties, interveners alleged ". . . that the additional answers to questions 12 and 15, far from implying a refusal to discover evidence, showed the steps taken diligently and with good faith to furnish the information requested from them" and "That the appearing party expects to receive the preceding information within the next days, notwithstanding the many investigations and verifications which are necessary to obtain it."

Lastly, on February 27, 1969, the interveners informed that:

"Answer 12. Miral is an ingredient consisting of a synthetic resin produced by General Anyline & Film Company" and that "the supplementary information to question No. 15 shall be furnished as soon as it is received."

Petitioners assign that:

"One year and four months have elapsed since the interrogatories were submitted and the most essential parts for the preparation of petitioner's case have not been answered; a year ago the Superior Court ordered that they be answered

within the term of 10 days, otherwise 'sanctions would be imposed'; ten months ago your petitioner requested that the sanctions provided by Rule 34.2(b) be enforced, which sanctions were applied for as a last resort, six months having elapsed after the interrogatories were submitted and after giving defendants all the opportunities to answer them; the Superior Court did not impose sanctions of any kind whatsoever and, on the contrary, continued the trial which was already set, although it had been amply informed of the prejudice that this would cause to your petitioner; ten months ago defendant served some answers, that, with all the consideration that defendant deserves, we must qualify as contempt to the procedures; ten months ago the aforementioned answers were objected to and again it was requested that said sanctions be imposed; three months elapsed and they resorted again to the Superior Court to apply for a new order. Another lapse of time and then four months ago defendant moved for a so-called extension of 15 days to answer the interrogatories. The Superior Court granted said extension. It is then that again, showing contempt of all the procedures, defendant, three and a half months ago, filed objection to the interrogatories; a hearing was held three months ago, briefs were filed and then defendant can only but admit that the greater part of its objections lacked validity of any kind whatsoever; the procedural situation is presented to the Superior Court in the most extensive possible manner and sanctions are applied for again. The Superior Court did not impose sanctions and again ordered that the interrogatories be answered with some modifications to its original order; another term of 30 days elapsed, which in its memorandum of November 25 defendant had requested and still several days more elapsed and the answers to the interrogatories were not received; over a month ago the Superior Court is again requested to impose sanctions and then, six days later, another so-called 'Additional Answer to Interrogatories' is served which we cannot even qualify; resort is taken at once to the Superior Court to present objection to said answers and to apply for the imposition of sanctions and the Superior Court chooses to grant another term of 30 days to serve the answers, which term had not even been requested."

In view of the foregoing, petitioners request from us, in effect, to impose on the interveners the proper penalties at

law. Let us examine the state of law involved in the question raised. Rule 30 of the Rules of Civil Procedure requires that the answers to the interrogatories shall be served on the party submitting the interrogatories within 15 days after service thereof, it being possible for the court to enlarge said term on motion, for good cause shown. (Objections to the interrogatories may be served within 10 days after service thereof.)

Rule 34 provides the following sanctions for refusing to answer interrogatories served according to Rule 30 of the Rules of Civil Procedure:

Rule 34.1. The court shall require the payment of the amount or the reasonable expenses incurred in obtaining the order requesting the answer to the interrogatories including reasonable attorney's fees.

Rule 34.2. The refusal to comply with said order may be considered as contempt of court.

Rule 34.2 (b). "If any party . . . refuses to obey an order . . . requiring him to answer designated questions . . . the court may make such orders in regard to the refusal as are just, and among others the following:

"(1) An order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or the physical or mental condition of the party, or any other designated facts shall be taken to be established for the purposes of the action, in accordance with the claim of the party obtaining the order;

"(2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents or things or items of testimony, or from introducing evidence of physical or mental condition;

"(3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

"(4) In lieu of any of the foregoing orders or in addition thereto, an order directing the arrest of any party or agent of a party for disobeying any of such orders, except an order to submit to a physical or mental examination."

Rule 34.4. "If a party or an officer or managing agent of a party . . . fails to serve answers to interrogatories submitted under Rule 30 after . . . service of such interrogatories, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

In *Sierra, Sec. of Labor* v. *Superior Court*, 81 P.R.R. 540, 546 (1959), we said:

"Experience shows that a liberal system of pre-trial deposition-discovery facilitates the prosecution of suits and avoids inconveniences, surprises, and injustices that arise when the parties ignore until the day of the trial the questions and facts which truly constitute the object of the litigation. As it is well known, in the modern civil procedure it is accepted that the pleadings have only one mission: to show in a general way which are the claims and defenses of the parties. It is necessary to resort to the proceedings of discovery of evidence and taking of depositions prior to the trial in order to determine exactly which are the real issues in controversy and clarify which are the facts to be proved at the trial. It is not surprising then that all matters, facts or questions relevant to the litigation be considered within the scope of discovery, unless dealing with privileged matter."

Rule 34.4 authorizes the imposition of drastic sanctions when a party "wilfully" fails to make discovery of evidence, as for example, the answer to interrogatories. In such cases it is proper to impose sanctions even though resort is not taken to court to obtain an order to that effect. *Oaks* v. *Rojcewicz*, 409 P.2d 839 (Alaska 1966); *Trans World Airlines, Inc.* v. *Hughes*, 332 F.2d 602, 614 (2d Cir. 1964); *Hinson* v. *Michigan Mutual Liability Company*, 275 F.2d 537

(5th Cir. 1960). In *Peña* v. *Heirs of Blondet*, 72 P.R.R. 8, 12 (1951), we said that a party has acted "wilfully" in failing to make discovery when "it is proved that the party has acted in a dilatory or contumacious way when it has refused to answer the interrogatories or has answered them in an evasive way. . . ." This drastic remedy should be applied only in extreme circumstances. *Independent Productions Corporation* v. *Loew's Incorporated*, 283 F.2d 730, 733 (2d Cir. 1960). In *Gill* v. *Stolow*, 240 F.2d 669, 670 (2d Cir. 1957), the court said that: "a court has the responsibility to do justice between man and man; and general principles cannot justify denial of a party's fair day in court except upon a serious showing of willful default."

■ As to the sanctions referred to in Rule 34.2 (b), several orders to compel interveners to answer the interrogatories submitted to them under warning that sanctions would be imposed, were applied for and obtained in the case at bar as required by this Rule. Several questions in said interrogatories have not yet been answered or have been evasively or inadequately answered. Under Rule 34.2 (b) it need not be shown that the refusal to answer has been wilful. Said refusal simply means failure to comply with the order. *Societé Internationale* v. *Rogers*, 357 U.S. 197 (1958), 2 L.Ed. 1255. In said case, the court determined also that "Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." The court also indicated that federal Rule 37 is the exclusive source of sanctions for failure to comply with an order for the discovery of evidence.

In *Kelley* v. *United States*, 338 F.2d 328 (1st Cir. 1964), the Circuit Court affirmed in a per curiam opinion the dismissal of an action for failure to answer some questions in

the interrogatories. The facts were as follows: On February 20, 1964, interrogatories were addressed to appellant; objections were filed to 7 of them. On March 9, libellant was ordered to answer the same. The case had been set for April 6. On April 3 answers were filed excluding the seven originally objected to. The trial court dismissed the action. Then the libellant offered to answer the seven interrogatories. The court denied the motion to that effect. The court held in this case that "counsel for libellant . . . deliberately disregarded the court's order, and by a calculated maneuver sought to obtain an improper advantage. If this had worked out it would, at least in counsel's opinion, have helped libellant's cause. Now, when it backfired, he wants to take a slap on the wrist and start over. We refrain from further comment."

In *B. F. Goodrich Tire Co.* v. *Lyster*, 328 F.2d 411, 415 (5th Cir. 1964), the court stated:

"We read Rule 37 [equivalent to Rule 34 of the Rules of Civil Procedure in force in Puerto Rico] as establishing a flexible means by which a court may enforce compliance with the Federal discovery procedures through a broad choice of remedies and penalties. . . . Although a trial judge's latitude in framing orders and in penalizing failures to comply is broad, his discretion is not limitless . . . the presence or lack of good faith in the parties is relevant to the orders which should be given and the severity of the sanctions."

*United States* v. *Continental Casualty Company*, 303 F.2d 91 (4th Cir. 1962), dealt with a claim of a materialman of a contractor addressed to his surety. Answer was filed denying all the allegations of the complaint. In answers to interrogatories part of the indebtedness was admitted. Additional interrogatories were mailed. After 31 days receipt thereof was acknowledged but they were not answered, judgment was obtained by motion grounded on the fact that the information requested was clearly within defendant's

knowledge and that the latter was engaged in dilatory tactics. Said interrogatories were answered 39 days after receipt thereof. On appeal it was alleged that the trial court abused its discretion. In affirming the judgment, said court of appeals stated:

"The Rules were designed to secure 'the just, speedy and inexpensive determination of every action'. . . . A defendant may not ignore the plain mandate of the Rules. The defendant's assumption that he could with impunity ignore the requirements of Rule 33 [equivalent to Rule 30 of the Rules of Civil Procedure in force in Puerto Rico], because the next term of court at which the case might presumably be tried was several months away shows a basic misunderstanding of the purpose and spirit of the Rules. A party to an action has the right to have the benefits of discovery procedure promptly, not only in order that he may have ample time to prepare his case before scheduled trial, but also in order to bring to light facts which may entitle him to summary judgment or induce settlement prior to trial.

"The sanctions authorized by Rule 37(d) should not be applied in the absence of wilful failure to comply with the provisions regarding discovery; however 'wilful failure' does not necessarily include a wrongful intent to disobey the rule. A conscious or intentional failure to act, . . . is sufficient to invoke the penalty."

In *Baltimore Transit Company* v. *Mezzanotti*, 174 A.2d 768 (Md. 1961) a default judgment was upheld in view of the fact that defendant refused to answer interrogatories notwithstanding having been ordered to answer them. This was a case of damages in which the plaintiff propounded, through interrogatories, defendant's version of how the accident occurred and the facts on which its contention relied in the sense that the defendant incurred contributory negligence, including the name of its investigators. It was concluded that such information was not privileged and therefore the interrogatory should have been answered and, since it failed to do so, the sanctions imposed were proper.

In *Weiss Noodle Company* v. *Aprile*, 272 F.2d 923 (6th Cir. 1959) a default judgment was upheld against the plaintiff for failure to answer some interrogatories served by the defendant within 15 days after the trial court overruled plaintiff's objections to such interrogatories.

See also, *Brookdale Mill* v. *Rowley*, 218 F.2d 728 (6th Cir. 1954); Conference of Justice Sterry Waterman, published in 29 F.R.D. 420; 2A Barron & Holtzoff, Federal Practice and Procedure, §§ 851–854; 4 Moore's Federal Practice, § 37; Rosenberg, *Sanction to Effectuate Pretrial Discovery*, 58 Colum. L. Rev. 485 (1958).

■ Pursuant to the text of Rule 34.4, when a plaintiff has submitted interrogatories to defendant under Rule 30 and the latter fails to serve them, the former may obtain an order striking out part of defendant's pleadings and obtain other sanctions apparently without showing that defendant's omission was wilful. However, it has been decided that it must be shown that omission was wilful. Cases aforecited; 4 Moore's Federal Practice, §§ 33.28 and 37.04, 2d ed. (1940).

■ When some of the interrogatories submitted are answered and others are not, an order of the court to compel defendant to answer the interrogatories omitted may be obtained, and unless defendant shows substantial justification, he may be required to pay the amount of the reasonable expenses including reasonable attorney's fees incurred by plaintiff in requesting the answers.

■ If the defendant insists in refusing to answer, plaintiff may move that the sanctions under Rule 34.2(b) be imposed. It has also been held that objection to the interrogatories must be presented by motion reasonably made, such objection being unacceptable as defense against the application for sanctions or the order imposing sanctions. *Collins* v. *Wayland*, 139 F.2d 677 (9th Cir. 1944).

The record shows that the interveners have incurred not only extended delay in answering the interrogatories submitted by the petitioners but also, notwithstanding having been ordered to answer certain interrogatories specifically, they have answered questions 12, 13, 14, and 15 evasively and inadequately. It is evident that the trial court has been excessively indulgent in permitting such practice and that it should have imposed sanctions to the interveners since the beginning of the year 1968 when they failed to answer the interrogatories for over 15 days notwithstanding the order of the court entered on February 20, 1968 to serve the answers under penalty of contempt.

By virtue thereof, it is determined that (1) interveners shall not be permitted to introduce any evidence whatsoever on or concerning the chemical composition of product Alberto VO 5 Hair Spray and of its ingredient "Miral"; and (2) the interveners shall complete the answers to questions 13 and 15 within the unextensible term of 30 days under warning that, if not answered, the trial court shall impose additional sanctions. Interveners shall be ordered to pay the amount of the reasonable expenses incurred by petitioners in obtaining the different orders requesting the answers to the interrogatories in question, plus $1,000 for attorney's fees. The case will be remanded to the trial court for further proceedings in accordance with the foregoing.

Mr. Chief Justice, Mr. Justice Hernández Matos, and Mr. Justice Dávila did not participate herein. Mr. Justice Santana Becerra states that he would only impose the economic sanctions of payment of costs and attorneys' fees, in accordance with his view in *Ramírez de Arellano* v. *Sec. of the Treas.*, 85 P.R.R. 793 (1962).