**Vonda L. BROWN, et al., Plaintiffs,**

v.

**UNITED STATES ELEVATOR CORPORATION, Defendant.**

**ELCO ELEVATOR CORPORATION, Defendant and Third-Party Plaintiff,**

v.

**GENERAL SERVICES ADMINISTRATION, et al., Third-Party Defendants.**

**Civ. A. Nos. 83–1710, 83–1711.**

United States District Court, District of Columbia.

June 8, 1984.

J. James McKenna, Walter T. Evans, Rockville, Md., Judith Katz, Washington, D.C., for plaintiffs.

Wade J. Gallagher, Martell, Donnelly, Grimaldi & Gallagher, Washington, D.C., for U.S. Elevator Corp.

Gilbert E. Tietz, Tietz & O'Connell, Rockville, Md., for Elco Elevator Corp.

Joseph E. DiGenova, U.S. Atty., Royce C. Lamberth, Chief, Civ. Div., Wayne P. Wil-

liams, Asst. U.S. Atty., Washington, D.C., for GSA, U.S. Dept. of Labor.

## MEMORANDUM

OBERDORFER, District Judge.

In this simple tort action, several passengers claim that they were injured by allegedly defective elevators at the United States Department of Labor. They filed suit in Superior Court against United States Elevator Corporation, the company which designed and manufactured the elevators, and Elco Elevator Corporation, the company responsible for maintenance of the elevators. The defendant corporations answered, and one of them claimed over against the General Services Administration and the Department of Labor (hereinafter referred to as the United States), whereupon the United States removed the case to this federal court. After a status conference held on September 22, 1983, this Court entered a pretrial order that set the trial for June 25, 1984, and directed that "[a]ll discovery requests *and responses* shall be completed on or before March 31, 1984." Pretrial Order at 2 (Sept. 26, 1983).

The discovery phase of this suit has been marked by numerous disputes. On January 13, 1984, plaintiffs filed a motion to compel discovery directed at both Elco and United States Elevator with respect to discovery requests made on April 28, 1983, and May 2, 1983. A hearing was held in this Court on that motion on February 3, 1984. By letter dated February 8, 1984, plaintiffs reported that the disputes had been resolved.

Discovery proceeded quietly until March 20–21, 1984, when plaintiffs again filed motions to compel discovery against Elco and United States Elevator. At the same time, Elco, United States Elevator, and the United States jointly moved to extend the time to complete discovery. Defendant Elco also moved to shorten the time for plaintiffs to respond to Elco's second set of discovery requests. Plaintiffs opposed both motions. A hearing was held in this Court on March 21 on these various motions, at which it was ordered that the discovery cutoff was extended from March 31 to April 15; that defendants Elco and United States Elevator answer interrogatories on or before April 9; and that summary judgment motions, if any, be filed by April 16.

Less than ten days later, on March 30, plaintiffs filed a second motion to compel production of documents against United States Elevator. On April 5, Elco renewed its motion to shorten the time within which plaintiffs were to respond to Elco's second set of discovery requests. On April 13, all parties filed a joint motion for an extension of time within which to complete discovery, the cutoff for which was two days later.

At the time of these filings, this Court was in a protracted trial. Therefore, the discovery impasse was referred to Magistrate Arthur Burnett pursuant to Rule 72(a) of the Federal Rules of Civil Procedure and to Rules 3–8 and 3–9 of the Rules of the United States District Court for the District of Columbia. On April 24, 1984, Magistrate Burnett held an omnibus hearing on the motions and other discovery problems.[1] On April 25, 1984, he made rulings as to the discovery obligations of the parties.

The April 25 rulings ordered plaintiffs to respond to discovery requests about the identity of expert witnesses by May 1, 1984, and precluded from testifying any expert not identified by that time. Plaintiff Vonda L. Brown was ordered to supplement previous answers to listed interrogatories by furnishing "specific, direct and complete responses" by May 1, 1984. Memorandum and Order at 4. The order required all plaintiffs to furnish an up-to-date list of special damages, and any additional records evidencing those damages, by May 1, or suffer preclusion. Finally, the order required the female plaintiffs to furnish by May 1, 1984, specific answers to interrogatories as to injuries and the identi-

---

1. Following the referral of these motions to Magistrate Burnett, defendant Elco filed motions to compel discovery on April 20 and April 23.

ty of any expert whom plaintiffs intended to call on this subject, and to make themselves available before May 18, 1984, for medical examinations by various doctors engaged by defendants.

As to Elco, the Magistrate noted that it had failed to obey an order of this Court to file on or before April 4, 1984, responses to interrogatories filed in Superior Court on April 25, 1983. He ordered responses to these interrogatories by May 1, 1984, "subject to appropriate sanctions being imposed upon the request of counsel for the plaintiffs." *Id.* at 7. The order required Elco to produce records and invoices showing the purchases of components for the elevators at the Department of Labor for the period of September 1979 to March 10, 1982, and to "produce" by May 4, 1984, "copies of *all* work tickets or records showing repairs for all the elevators at the Department of Labor during 1980 and 1981." *Id.* (emphasis in original). In the alternative the Magistrate authorized Elco to make all such tickets and records available for inspection so that plaintiffs could select those it wished Elco to photocopy. In addition, Magistrate Burnett required Elco to identify by May 4, 1984, each expert it planned to call, except for the experts it would use to examine plaintiffs.

As to the United States, Magistrate Burnett noted its agreement to make available for deposition a former Elco employee now employed by the Veterans Administration, and other persons identified by the government's discovery responses.

As to United States Elevator, plaintiffs had moved for a second time to compel production of a certain claims file. Magistrate Burnett ordered United States Elevator to produce for examination and inspection no later than May 4, 1984, all documents in that file "pertaining to claims involving malfunctions of elevators at the Department of Labor or similar elevators" between December 1977 and March 10, 1982. United States Elevator was allowed, however, to list rather than produce any documents it claimed to be privileged and show briefly, with respect to each allegedly

privileged document, the basis of that claim. Memorandum and Order at 5. The Order required United States Elevator to furnish by May 4, 1984, a complete Rule 26(b)(4)(A)(i) statement about its proposed experts or their reports or suffer their being precluded as witnesses. It directed United States Elevator to respond by May 4, 1984, to Elco's interrogatories filed February 21, 1984. Finally, the order required United States Elevator to furnish the names and addresses of any employee who inspected and examined the elevators at the Department of Labor between September 1979 and March 10, 1982.

In their joint motion for an extension of the discovery cutoff date, the parties suggested a new cutoff of May 11, 1984. At the hearing before Magistrate Burnett, counsel expressed doubts as to whether completion, even by May 11, was "doable." Memorandum and Order at 9. The Magistrate admirably rejected arguments made to extend discovery beyond May 11,

> advising that discovery must be brought to a close at some point, the third-party defendants may place an additional Assistant U.S. Attorney or agency counsel actively on the case, and if necessary, depositions may have to be taken in the evening or on a Saturday ....

The Magistrate concluded by noting that he

> was committed to having these cases ready for pretrial conference on June 12, 1984 and for trial on June 25, 1984,

the dates set in the Pretrial Order of September 26, 1983. *Id.* Magistrate Burnett further directed that counsel "employ such additional resources, including additional counsel and paralegals, as may be necessary to comply with all provisions of this Order." *Id.* at 11. To this end the Magistrate ordered that all discovery be completed by May 11, 1984 (except certain depositions), all dispositive motions be at issue by May 25, all pretrial briefs and list of exhibit designations be completed by June 6, and all pleadings be exchanged by hand.

This Order of the Magistrate was not appealed. Only two parties filed timely applications for an extension of time to

comply with the Order. One motion was made by plaintiffs on May 2 to request a one-day extension to file their list of special damages. Elco moved on May 22 for an extension of time to file its pretrial statement due May 25. United States Elevator sought no extension.

On May 22, 1984, counsel for plaintiffs filed a motion for sanctions against United States Elevator and Elco pursuant to Rule 37. Specifically, plaintiffs prayed that defendants be held in contempt, that key allegations in the complaint be taken as established for purposes of the pending actions, that defendants be prohibited from calling any expert witnesses other than medical experts, and that plaintiffs be awarded costs. On May 30, 1984, United States Elevator responded to the motion and on that same date filed what it captioned "Response of U.S. Elevator to April 24 [sic], 1984 Order of United States Magistrate."[2] At a hearing on June 1, 1984, counsel for plaintiffs and United States Elevator argued the pending sanctions motion.

While the sanctions motion has been pending, Elco has negotiated a comprehensive settlement with plaintiffs, including presumably plaintiffs' claim for sanctions. Since Elco was the only defendant that claimed over against the United States, that settlement removes the United States from this action. So United States Elevator stands alone before the Court to answer for its failure to comply with this Court's Pretrial Order of September 26, 1983, which gave it over six months to effect discovery, and to comply with Magistrate Burnett's specific Order of April 25, 1984, outlined above.

In its May 30 response to plaintiffs' motion for sanctions, United States Elevator states that it made "every reasonable effort to comply with the discovery requests of the plaintiffs." Response at 1. As to the claims file, counsel for United States Elevator relates that he gave plaintiffs' counsel 150 pages of material on March 22. Thereafter, an officer of United States Elevator delivered to its counsel the balance of the so-called claims file. Counsel reviewed these latter files, determined that they were privileged, and so advised plaintiffs' attorney. Counsel states in an affidavit attached to the Response that after he received the Magistrate's April 25, 1984 Order, he was unable to locate the file until Memorial Day weekend, when he made a thorough search of other files, and found the missing claims file in an unrelated file. Counsel also notes that at the April 24 hearing he asked the Magistrate to review the balance of the claims file *in camera*. The purpose of this requested review was

> to determine what if any documents should be turned over to the plaintiffs—thus demonstrating defendant's good faith efforts to comply with both the letter and spirt [sic] of the pretrial discovery rules. However, the Magistrate declined to review the files and they subsequently were misplaced.

Response at 2–3.[3]

After locating the claims file, counsel states that he filed a list of ten claims that fell within plaintiffs' discovery request. Counsel asserts that "only three involve an occurrence similar to that described by the plaintiffs and the same equipment as was in the Department of Labor Building." Response at 3. Two of these three, according to United States Elevator's counsel, were claims of other clients of plaintiffs' attorney and the third was made known to him in connection with an earlier case he brought against United States Elevator.

**2.** The Order required a response by May 4, 1984.

**3.** Counsel cited this invitation to the Magistrate as evidence of good faith efforts to comply with the letter and the spirit of the pretrial discovery rules. Presumably, defendant's counsel does not intend to charge the Magistrate with any responsibility for the loss of the files and the subsequent failure to comply with the Magistrate's Order. In any event, it is fundamental that a party asserting a privilege should claim it. It reflects neither compliance with rules nor appreciation of the respective roles of court and counsel to submit an unsegregated lot of documents to a judge to sort out the privileged documents *in camera*.

As to the statement of experts not previously identified, United States Elevator's counsel asserted that the company had fully complied with the Magistrate's instructions and that plaintiffs never indicated any dissatisfaction with the information provided.

Finally, as to Magistrate Burnett's Order that United States Elevator furnish the names and addresses of its employees who inspected the elevators at issue at the Labor Department, counsel for United States Elevator states that he "assumed that if there were no such persons known to it no further response was necessary." Response at 4. Two such persons had been identified in a previous trial, so that counsel assumed that they were well known to plaintiffs. No one else was known to United States Elevator; therefore no response was made.[4] Based on the above, United States Elevator moved that the Court deny plaintiffs' motion for sanctions.[5]

At argument on June 1, 1984, counsel for United States Elevator substantially reiterated these points. In addition, he stated that these were personal factors which affected the failure to comply, but declined to elaborate. He also advised the Court that United States Elevator itself was not apprised of the failure of counsel to obey the Magistrate's Order.

Rule 37(b) of the Federal Rules of Civil Procedure provides, in relevant part, that if a party "fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just," including assuming that designated facts will be taken as established, prohibiting the disobedient party from introducing designated matters in evidence, entering a default judgment against the disobedient party, or treating the failure to obey an order as a contempt of court. Finally, Rule 37(b) provides that

In lieu of any of the foregoing orders or in addition thereto, the court *shall* require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. (emphasis added).

The Advisory Committee's notes to the 1970 amendment to Rule 37 makes clear that the word "failure" was substituted for the word "refusal" to eliminate any requirement that a plaintiff seeking sanctions prove willfulness. *Compare Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), *with Hinson v. Michigan Mutual Liability Co.*, 275 F.2d 537 (5th Cir.1960). As to responsibility for expenses, the Advisory Committee's 1970 notes state:

The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust. Allocating the burden in this way ... is particularly appropriate when a court order is disobeyed.

The growing public concern about various forms of discovery abuse resulted in amendments last year to the discovery rules. *See* Fed.R.Civ.P. 26, Notes of Advisory Committee on Rules, 1983 amendment. New Rule 26(g), for example, "provides a deterrent to both excessive discovery and evasion." *Id.* In recent remarks to the 61st Annual Meeting of the American Law Institute, Chief Justice Warren E. Burger focused on the subject of discovery abuse. He noted that "[p]robably no single criticism of the judicial process—other than its cost and slow pace—has prompted more discussion in recent years than the complaints about the abuse of discovery.... [T]he enormous costs have kept the subject alive." Remarks of Warren E. Burger, Chief Justice of the United States, at the

---

4. Answers to such interrogatories would have been useful, however, to assure counsel that there was no new undiscovered information.

5. United States Elevator's filings did not address its obligation to file its pretrial brief.

61st Annual Meeting of the American Law Institute at 2 (May 15, 1984). The Chief Justice went on to "report ... that the federal Judges are very much alert to these discovery problems." *Id.* at 3. He spoke of areas "where a few well placed sanctions will have a salutory effect." *Id.* at 6. He pointed out that

> The vast majority of lawyers want to conform but the Judges must let them know what is expected of them—and what will not be tolerated.

*Id.* Finally, he emphasized that his purpose "in communicating with all Judges was to be sure they will focus on their added responsibilities and be encouraged to work with the Bar and pass the word that the new Rules will be enforced against all transgressors." *Id.* at 7.

■ In this case, Magistrate Burnett's Order of April 25, 1984, told counsel "what is expected of them—and what will not be tolerated." It is plain that United States Elevator and its counsel failed to comply with that Order. Furthermore, review of counsel's written and oral responses do not show either that the "failure was substantially justified or that other circumstances make an award of expenses unjust." Fed. R.Civ.P. 37(b). Rule 37(b) states that the Court "shall" require the disobedient party to pay expenses. If there were any doubt about a trial judge's duty in the circumstances, the remarks of the Chief Justice remove it. Accordingly, an accompanying order will declare that defendant United States Elevator and its counsel are liable to plaintiffs for the costs, including attorneys' fees, incurred by plaintiffs on account of the failure of United States Elevator to comply with Magistrate Burnett's Order. Plaintiffs will be afforded an opportunity to submit proof of these costs.

■ The Court concludes that although disobedience of court orders is a very serious matter, and the failure of defendant to appeal the Magistrate's Order or to seek an extension of time is inexplicable, the plain-tiffs' prayer relates to United States Elevator and not to its counsel. According to counsel, United States Elevator was not aware of the action and inaction of its counsel. Therefore, United States Elevator could not be found to have the willfulness necessary for a contempt citation, and counsel cannot be held responsible for a contempt for which he was not charged.[6] For this reason, and in light of all the circumstances, a finding of contempt would be an inappropriate and disproportionate sanction. Hopefully, the word will be passed, without a finding of contempt, "that the new Rules will be enforced."

The balance of plaintiffs' prayer will remain under advisement pending a pretrial conference at which the Court can evaluate the effect of the presumptions and preclusions and other relief requested by plaintiffs on the conduct of the trial on the merits. *See Butler v. Pearson,* 636 F.2d 526 (D.C.Cir.1980).

### ORDER

For reasons more fully stated in an accompanying Memorandum, it is this 8th day of June, 1984, hereby

DECLARED: that United States Elevator Corporation and its counsel, Wade J. Gallagher, Esq., have failed to comply with the April 25, 1984 Order of Magistrate Burnett, which was neither appealed nor the subject of any application for extension, and that they have not carried their burden of establishing that the failure was substantially justified or that other circumstances make an award of expenses unjust; and it is further

ORDERED, ADJUDGED and DECLARED: that United States Elevator Corporation and its counsel, Wade J. Gallagher, Esq., are liable to plaintiffs for plaintiffs' reasonable expenses, including attorneys' fees, caused by the failure; and it is further

---

**6.** Where, as here, the discovery problems were generated by more than one party or counsel, it would be inappropriate for the Court to initiate contempt proceedings *sua sponte* against any one of them.

ORDERED: that plaintiffs may, on or before June 15, 1984, file and serve proof of those expenses, and United States Elevator Corporation and its counsel may file and serve any objections to the statement of costs on or before June 25, 1984; and it is further

ORDERED: that plaintiffs' other prayers for sanctions remain under advisement, except that plaintiffs' prayer that the Court hold United States Elevator Corporation in contempt should be, and is hereby, DENIED.