FENTON v. WALLING, Administrator of Wage and Hour Division, United States Department of Labor.

SMITH v. SAME.

Nos. 10438, 10439.

Circuit Court of Appeals, Ninth Circuit.

Dec. 30, 1943.

Rehearing Denied Feb. 1, 1944.

Louis Ferrari, G. D. Schilling, Kenneth M. Johnson, and Philip S. Ehrlich, all of San Francisco, Cal., for appellants.

Douglas B. Maggs, Sol., Wage and Hour Division, U.S. Dept. of Labor, Irving J.

Levy, Associate Sol., Bessie Margolin, Asst. Sol., and Morton Liftin and Joseph I. Nachman, Attys., all of Washington, D. C., and Dorothy M. Williams, Regional Atty., Wage and Hour Division, U.S. Dept. of Labor, of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Involved here are two appeals from orders adjudging appellants severally guilty of contempt and committing them to the custody of the marshal until they should purge themselves thereof.

Appellee, as administrator of the Wage and Hour Division of the Department of Labor, instituted suit in the court below against the Bank of America National Trust & Savings Association, pursuant to the authority given by § 17 of the Fair Labor Standards Act of 1938, 52 Stat. 1069, 29 U.S.C.A. § 217, to restrain violations of the overtime and record-keeping provisions of the Act. The Bank moved for a dismissal of the complaint and its motion was denied. It then filed an answer, presumably denying, among other things, that it is amenable to the Act.[1]

The case being at issue and ready for trial, appellee served notice on the Bank that the deposition of appellant Fenton would be taken by oral examination on a specified date, and subpoena to this end was served on Fenton. The latter is a vice president of the Bank and for the previous eighteen months had been chairman of its operating committee, prior to which time he had been personnel director. During the course of the examination Fenton was questioned concerning the nature of the wage and hour records kept, and the hours worked by and compensation paid to the Bank's employees. On instruction from the Bank's counsel Fenton declined to answer the questions. Appellee applied to the court, pursuant to Rule 37(a), of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order compelling the witness to answer. After a hearing, Fenton was directed by the court to answer the questions, but again declined to do so.

While these events were in progress, appellee, pursuant to Rule 34 (relating to discovery and the production of documents), filed and served on the Bank a motion for an order directing the Bank to produce, and to permit appellee to inspect and copy, certain documents concerning the hours worked by and compensation paid to employees of the Bank.[2] After a hearing on the motion the court ordered the Bank, on a specified date at its main office, to produce and permit the inspection of the documents referred to. Appellant Smith, who was the executive vice president charged with the general administrative supervision and management of the Bank, and who had authority to comply with the court order, refused on appropriate request of counsel for appellee to arrange for the production of these records.

Appellee then instituted contempt proceedings against Smith and Fenton under Rule 37(b). In their verified returns to the show cause orders, the main ground of defense (and the only one urged here) was that the court lacked jurisdiction of the subject matter in that the Bank, so it was alleged, had no employees engaged in interstate commerce, hence was not subject to the provisions of the Fair Labor Standards Act. There followed a hearing at the conclusion of which the court found that the failure of Smith and Fenton to obey the orders impaired and impeded the suit and constituted civil contempt. The two were directed to be imprisoned until such time as they were ready to obey the orders. The commitments, however, were stayed by the trial court pending these appeals.

The preliminary question we have to decide is whether the commitment orders are final, hence appealable under the applicable statute, 28 U.S.C.A. § 225(a). Concededly the contempts are civil. "While particular acts do not always readily lend themselves to classification as civil or criminal contempts, a contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public," McCrone v. United States, 307 U.S. 61, 63, 59 S.Ct. 685, 686, 83 L.Ed. 1108. A civil contempt order directed against a party litigant

---

[1] The records on appeal do not contain the complaint or the Bank's answer, and what is said here in respect of the condition of the pleadings is obtained from the briefs.

[2] The records required to be produced, as well as the questions directed to Fenton, were confined to the period subsequent to the enactment of the Fair Labor Standards Act.

is deemed interlocutory, and is reviewable only on appeal from the final decree in the main action, Fox v. Capital Co., 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67. On the other hand it appears to be fairly well established that a civil contempt order directed toward a person not a party to the suit is final and appealable, Bessette v. W. B. Conkey Co., 194 U.S. 324, 24 S.Ct. 665, 48 L.Ed. 997; Nelson v. United States, 201 U.S. 92, 98, 26 S.Ct. 358, 50 L.Ed. 673; Alexander v. United States, 201 U.S. 117, 26 S.Ct. 356, 50 L.Ed. 686; Butler v. Fayerweather, 2 Cir., 91 F. 458. Two recent Supreme Court decisions, McCrone v. United States, supra, and Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172, assume the appealability of such orders.

In support of his motion to dismiss the appeals, appellee argues that appellants are not "strangers" to the main action, but that legally and in fact they represent the party defendant. It is claimed that as representatives of a corporate litigant, they stand in the position of a party regardless of the fact that they were not named as such. Accordingly, it is argued, the orders appealed from are as to them interlocutory in character.

We do not find that the authorities cited support this view.[3] The case principally relied on, Heinze v. Butte & B. Consol. Min. Co., 9 Cir., 129 F. 274, does not discuss the point or directly decide it. Other cases cited[4] are not helpful and we will not stop to discuss them. The distinction upon which appellee insists has not been drawn in any of the decisions.

On the other side, the case of Alexander v. United States, supra, involved officers of corporate defendants who, as here, had been ordered to produce corporate records and to answer questions. They appealed. It was held that the orders were interlocutory, but the court plainly stated that if the officers had been adjudged in contempt appeals would lie. Said the court (201 U.S. at page 122, 26 S.Ct. at page 358, 50 L.Ed. 686): "This power to punish being exercised, the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit." And in the companion case of Nelson v. United States, 201 U.S. 92, at page 98, 26 S.Ct. 358, at page 362, 50 L.Ed. 673, an order adjudging the president of a corporate defendant in contempt for refusing to answer questions and to produce corporate books was held reviewable on writ of error.

These individual contemnors are not parties to the main cause. They have no appeal from the final judgment to be entered in it, and unless they can obtain a review of the orders now they will have no right of review at all. As to them the commitment orders are final. But there is no reason why appeals of this character should be permitted to delay the progress of the trial, as the contemnors were not entitled to have the commitments stayed pending review. In addition to proceedings in contempt, Rule 37 provides other drastic consequences for the refusal of a party or an officer or managing agent of a party to make discovery or to answer questions.

The motions to dismiss are denied.

On the merits the appeals warrant little discussion. The suit against the Bank, like the generality of suits by the Administrator under § 17 of the Act, involved a variety of issues of fact and law—such as which, if any, of the employee activities were interstate, and whether the defendant had or had not observed the several requirements of the Act. It is not and could not be disputed that the court had jurisdiction of the subject matter and of the parties and was possessed of authority to order the production of documents and the answering of questions bearing upon any of the issues embraced within the pleadings. It was not for the defendant, or its officers or counsel, to dictate the order of proof.

But appellants say that this is not their point. They insist that they are in no way concerned with the main suit. Their argument is that the answers in the contempt proceeding (alleging that no employees of the Bank were engaged in interstate commerce) were not controverted in that proceeding, hence the court was shown to be without jurisdiction. But the court's jurisdiction was to be determined, not by reference to what appellants might assert, but by reference to the complaint. Obviously the answers in the contempt matter

---

[3] Compare, however, Hultberg v. Anderson, 7 Cir., 214 F. 349.

[4] Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L. Ed. 797, 34 L.R.A.,N.S., 874; Leman v. Krentler-Arnold Hinge Last Co., 284 U. S. 448, 52 S.Ct. 238, 76 L.Ed. 389; and N.L.R.B. v. Hopwood Retinning Co., 2 Cir., 104 F.2d 302.

injected no new issue, but merely sought to reiterate an issue already framed in the main case. It was not for appellants to decide that issue, or even to raise it. It was the province of the court to decide it upon consideration of all the evidence which might be introduced in the course of the trial.

The orders are affirmed.