## ROTH et al. v. PARAMOUNT PICTURES DISTRIBUTING CORPORATION et al.

### Civil Action No. 3052.

District Court, W. D. Pennsylvania.

March 16, 1948.

J. Roy Dickie, of Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for plaintiff.

James H. Beal, of Reed, Smith, Shaw & McClay, and John G. Buchanan of Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

This action is now before the Court on defendants' motion, wherein they pray this Court to order:

(a) That the facts asserted in the answers and counterclaims of each of the defendants shall be taken to be established against plaintiff Bart Dattola for the purpose of this action.

(b) That Bart Dattola shall not be allowed to support his claims or to oppose defendants defenses and counterclaims.

(c) That the complaint of Bart Dattola shall be dismissed with prejudice, and costs, expenses and attorneys' fees shall be allowed to defendants and imposed on Bart Dattolla.

(d) That Bart Dattola shall be arrested and punished for contempt in such manner as the Court may direct.

(e) That pending a hearing and determination of this matter the Court shall order the United States Marshal to forthwith seize and impound, either by sealing or otherwise, the entire contents of the metal filing cabinet in the office of Bart Dattola in the New Dattola Theatre at New Kensington, Pennsylvania, and also all books or records of account contained in the wall locker in said Dattola's office.

In support of the motion, defendants averred that on April 2, 1945, 4 F.R.D. 302, this Court made an order requiring plaintiff, Bart Dattola, to produce and permit each defendant to inspect, copy, or photograph certain books, etc., covering the period from January 1, 1937, to December 31, 1943, and enjoined the altering or destroying of said books, etc. That on December 5, 1946, Dattola made an affidavit that he had never kept or maintained a cash book, day book, etc. That on January 3, 1947, this Court made an order supplementing its order of April 2, 1945, which required Dattola to produce and permit defendants to inspect certain specified books, etc. That Dattola destroyed or permitted the destruction of all daily records of admissions for the period prior to January 1, 1944. That on February 3, 1947, this Court made another order requiring Dattola to produce and permit each defendant to inspect, copy or photograph documents, books, etc., from January 1, 1944, to the date of the order. That while certain inspections were made, defendants' agents discovered certain cash books during a period which Dattola had sworn he had never kept. That defendants' agents, in the course of the inspection, found certain cash books, etc., which were kept in a filing cabinet although Dattola had stated that such records had never existed.

Defendants, by virtue of the orders of this Court have examined Bart Dattola's books and papers, so that they are in a position to proceed with this action on the merits, both as to the claims of Dattola and the

counterclaims of the defendants against him.

I am not convinced that Dattola wilfully violated the Court's orders. Dattola, the plaintiff and the defendants each should have their day in Court so that the merits of their respective claims may be determined.

The motion should be dismissed.