## CAMPBELL v. JOHNSON.

United States District Court,
S. D. New York.
Nov. 8, 1951.

Sherman & Goldring, New York City, Jay Leo Rothschild, New York City, of counsel, for plaintiff.

Dimmock, Snyder & Van Patten, New York City, for defendant.

RYAN, District Judge.

Plaintiff sues to recover $1,319,243.80, damages he alleges he sustained by reason of fraud practiced on him by defendant's testator in connection with the purchase by plaintiff of all the stock and debentures of National Pneumatic Company from defendant's testator on February 21, 1944. The specifications of fraud arise from alleged inaccuracies in a certain balance sheet of "Pneumatic" which was submitted to plaintiff in negotiations preceding plaintiff's purchase. Defendant by answer affirmatively alleges that the assets of "Pneumatic" were in truth far in excess of those set forth in the balance sheet and that the liabilities eventually proved to be overstated.

An order was made herein D.C., 11 F. R.D. 107, granting defendant a discovery and inspection of certain books and records of "Pneumatic". The control of this company was determined to rest with plaintiff and this is not disputed. Defendant now moves under Fed.Rules Civ.Proc. rule 37, 28 U.S.C., alleging failure of plaintiff to fully comply with that order of discovery and asks that plaintiff be precluded on trial from offering proof tending to contradict or put in issue the defense that the assets of "Pneumatic" on and immediately after February 21, 1944, included machinery

and equipment not reflected in a balance sheet submitted to him, amounting to $585,-000 in value; that inventory in the sum of $800,000 was not shown as an asset on the balance sheet; and that "Pneumatic" had in the years 1944, 1945 and 1946 cash receipts of $953,000 derived from the sale of unlisted machinery and equipment.

The ultimate outcome of this suit depends upon the actual financial condition of "Pneumatic" as of February, 1944. The defendant in her proof is under the handicap that the testimony of her testator who negotiated the sale of "Pneumatic" to plaintiff is not available; defendant must perforce, in large measure, rely upon the books and records of the company to substantiate the defenses pleaded. Plaintiff has had control of these since February, 1944; some of them have not been produced; those not produced, we assume, would be helpful to defendant and her accountants in preparation for trial and they might provide her with evidence favorable to her on the crucial issues.

It is clear that if defendant should establish the facts which she contends can thus be shown by the invoices, inventory and sales records, the allegations of plaintiff that he was defrauded in the purchase of "Pneumatic" by fraudulent representations would fall and the complaint would have to be dismissed. Indeed, this would be an inevitable sequela to the granting of defendant's motion.

There is no affirmative evidence of the wilful destruction by plaintiff of the records of "Pneumatic" which have not been produced. These records were in possession of "Pneumatic" in 1944; they are now missing; they consist of some 1944 invoices. But the circumstances surrounding their disappearance do not lead or permit us to draw an inference of wilful destruction. The sale was made in February, 1944; this suit was commenced in February, 1947; defendant's motion for discovery was made in September, 1950. In the meantime and in 1949, "Pneumatic" for its own and apparently proper reasons went out of business, closed its plant in Rahway, N.J., and moved its business to Boston, Mass., where a new corporation organized

to take over the former activities of "Pneumatic" began operations. Incidental to this, "Pneumatic" records, or at least those deemed important, were placed in packing cases and shipped to and then stored in Boston. Search through these packing cases has failed to turn up the missing records. There has been no proof of wilful failure on plaintiff's part to comply with the order of discovery.

The question presented is whether in face of the finding of the absence of wilful failure by plaintiff to comply with the order of discovery, the order of preclusion sought should be granted, under the circumstances present. We have concluded it should not.

Whether relief should be granted under Rule 37(b) rests in the discretion of the court. Valenstein v. Bayonne Bolt Corp., D.C., 6 F.R.D. 363. Rule 37(b)(2) (i, ii, iii, iv) does not by its wording require that before an order of preclusion may be made there must be a finding of wilful failure to comply with an order of discovery. It seems, however, that only in the exceptional case would such an order be justified, and that absent wilful disobedience there must be proof of gross indifference to the rights of the adverse party, of deliberate callousness or intended negligence which occasions the inability to comply. We do not find that here.

Motion denied.