**Roman MILEWSKI, Appellant,**

**v.**

**SCHNEIDER TRANSPORTATION COMPANY, Appellee.**

**No. 12823.**

United States Court of Appeals Sixth Circuit.

Nov. 28, 1956.

S. Eldridge Sampliner, Cleveland, Ohio, Harvey Goldstein, New York City, for appellant.

Russell V. Bleecker, Cleveland, Ohio, for appellee.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

Following the filing of the complaint in this action on June 21, 1954 seeking damages under the Jones Act, 46 U.S.C.A. § 688, for injuries suffered by the plaintiff, the defendant, before answer, served interrogatories on the plaintiff on November 19, 1954. Successive stipulations of extension of time to answer the interrogatories were entered into between counsel for the parties, extending plaintiff's time to answer until December 23, 1954, March 8, 1955 and June 7, 1955. On June 11, 1955 defendant filed a motion for an order dismissing the complaint for failure to answer the interrogatories, or in the alternative for an order requiring plaintiff to pay reasonable fees to counsel for the defendant. Counsel for plaintiff made application that leave be given plaintiff to answer the interrogatories by January 1, 1956, in order to locate the plaintiff, stating that on or about July 6, 1954 defendant had settled the case with plaintiff behind plaintiff's counsel's back and that counsel had tried unsuccessfully to locate the plaintiff since that date. On December 22, 1955 the District Judge entered an order dismissing the complaint at plaintiff's costs, from which this appeal was taken.

It appearing that the entry of the order was authorized under the provisions of Rule 37(d), Rules of Civil Procedure, 28 U.S.C.A., and the Court being of the opinion that the District Judge did not abuse his discretion in doing so, Brookdale Mill v. Rowley, 6 Cir., 218 F.2d 728; Michigan Window Cleaning Co. v. Martino, 6 Cir., 173 F.2d 466, 468.

The judgment is affirmed.