John DAVID, Plaintiff-Appellee,

v.

The HOOKER, LTD; Hooker Music, Ltd., Defendant,

Ronald Haffkine, Non-Party Defendant-Appellant.

No. 75-2444.

United States Court of Appeals, Ninth Circuit.

Sept. 6, 1977.

Alan B. Axelrod, Axelrod, Blum & Lerch, San Francisco, Cal., for non-party defendant-appellant.

Neil Boorstyn, Mill Valley, Cal., for plaintiff-appellee.

Before BARNES and ANDERSON, Circuit Judges, and CRAIG, District Judge.[*]

BARNES, Circuit Judge:

## FACTS:

On January 2, 1974, John David brought a breach of contract action in federal court based on diversity against Hooker Music, Ltd. ("Hooker Music"), a New York corporation.[1] Ronald Haffkine is the president, managing agent and sole officer of Hooker Music.[2]

---

[*] Honorable Walter Early Craig, Chief Judge, District of Arizona, sitting by designation.

1. Also named as a defendant in the complaint was The Hooker, Ltd. While appellant's brief, page 2, states that there is no entity with that name, it is noted here that the Musician Services Agreement entered into by John David listed The Hooker, Ltd. as the "Employer."

2. Haffkine is described in his opening brief, page 3, as "the President and Managing Agent of the defendant corporation [Hooker Music]." The answer to plaintiff's interrogatory question number 58, which was drafted by David Kogus, attorney for the defendant, and verified by Haffkine, states "I am informed and believe and thereon allege that the sole officer of Hooker Music, Ltd., is Ronald Haffkine."

On November 4, 1974, during pre-trial discovery, Hooker Music was found by the United States Magistrate to have failed to fully comply with a court order to produce materials and to answer plaintiff's initial set of interrogatories. The United States Magistrate ordered, *inter alia*, the defendant to answer the interrogatories by November 18, 1974. The district court adopted the order of the magistrate on December 5, 1974, but modified it to provide that the answers were to be filed by December 16, 1974.

On November 26, 1974, Hooker Music filed a petition in bankruptcy and was adjudicated a bankrupt on November 29, 1974. On December 17, 1974, after failing to answer the interrogatories,[3] the defendant filed a motion to stay the action due to the bankruptcy petition as automatically provided for in Rule 401 of the Federal Rules of Bankruptcy Procedure ("FRBP").[4] On January 9, 1975, the district court granted the stay but reserved the right to compel answers to the interrogatories. The court ordered the defendant to file answers no later than ten days. Hooker Music failed to file within that time and the district court issued an order to show cause why Hooker Music and Haffkine should not be punished for contempt of court. Two days later, answers were filed.

At the hearing on the order to show cause, an objection was raised by Neil Boorstyn, attorney for the plaintiff, as to the sufficiency of the answers. At the close of the hearing, the district court ordered Hooker Music and Haffkine to answer "fully and completely all written interrogatories no later than May 1, 1975." In addition, Haffkine was personally ordered to pay to Boorstyn the sum of $2,000.00 "for expenses and reasonable counsel fees incurred by said attorney as a result of such failure to answer as ordered."

**3.** A set of answers was initially complied by defendant's attorney on December 16, 1974. A verified copy of the answers were not, however, filed with the court or mailed to the plaintiff until January 22, 1975.

**4.** Rule 401(a) of the FRBP provides that:

Haffkine appeals the order of the district court.

## ISSUES:

1. Is the order issued by the district court an appealable order?

2. Did the district court have jurisdiction to issue the order after the bankruptcy petition was filed?

3. Was the order an abuse of discretion?

### 1. *Appealability.*

The order by the district court was a final decision so as to be appealable to this court. Although discovery orders and sanctions in the form of civil penalties are held in most cases to be interlocutory and hence non-appealable as to the parties involved in the suit, *see*, 8 Wright and Miller, Federal Practice and Procedure; Civil § 2006 at 29–31 ("Wright and Miller"); *United States v. Ryan*, 402 U.S. 530, 532–34, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971); *In re Letters Rogatory from City of Haugesund*, 497 F.2d 378, 380–81 (9th Cir. 1974), certain exceptions are recognized in cases involving orders and sanctions against non-parties. See 9 Moore's Federal Practice ¶ 110.13[4] at 167 ("Moore's"), 8 Wright and Miller § 2006 at 30; *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 227–29 (9th Cir. 1975); *Fenton v. Walling*, 139 F.2d 608, 610 (9th Cir. 1943), *cert. denied,* 321 U.S. 798, 64 S.Ct. 938, 88 L.Ed. 1086 (1944).

It has long been held that a non-party in a pending suit may appeal a sentence for civil contempt. *Bessette v. W. B. Conkey Co.*, 194 U.S. 324, 338, 24 S.Ct. 665, 48 L.Ed. 997 (1904); *Fenton, supra,* 139 F.2d at 610 (9th Cir. 1943). Because he is not a party, he cannot appeal from the final judgment in the action, and so the contempt

"The filing of a petition shall operate as a stay of the commencement or continuation of any action against the bankrupt, or the enforcement of any judgment against him, if the action or judgment is founded on an unsecured provable debt other than one not dischargeable under clause (1), (5), (6), or (7) of section 35(a) of this title."

judgment is regarded as final as to him. 9 Moore's ¶ 110.13[4] at 167; *Southern Railway Company v. Lanham,* 403 F.2d 119, 124 (5th Cir. 1968).[5] However, while the courts have recognized the finality of civil contempt orders against non-parties, the rule embodied in those cases has not been extended to the mere issuance of discovery orders to non-parties. To obtain a right of review, the non-party must refuse to comply with the order, and the district court must find the non-party to be in contempt and apply sanctions against him. 9 Moore's ¶ 110.13[2] at 153–55; *Alexander v. United States,* 201 U.S. 117, 121–22, 26 S.Ct. 356, 50 L.Ed. 686 (1906); *Borden v. Sylk,* 410 F.2d 843, 846 (3rd Cir. 1969); *United States v. Fried,* 386 F.2d 691, 694 (2d Cir. 1967).

■ The order issued by the district court below consisted of two parts. The first required Hooker Music and Haffkine to answer "fully and completely all written interrogatories no later than May 1, 1975." Under the rule established in the *Alexander* line of cases, that initial order is interlocutory and non-appealable. The second part of the order required Haffkine to personally pay Boorstyn $2,000.00 for expenses and reasonable counsel fees incurred by the failure to answer the interrogatories. Rule 37(b)(2) of the Federal Rules of Civil Procedure ("FRCP") provides in part:

"If a party or an officer, director, or managing agent of a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: [five subsections of various permissible sanctions]

"In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

■ The question therefore arises as to whether the Rule 37(b)(2) sanction of expenses and reasonable attorney's fees is an appealable order when applied to a non-party.[6] No cases resolving the issue could be located, although two cases were discovered with conflicting dicta on the issue.[7]

■ As the Supreme Court has stated, "the requirement of finality is to be given a 'practical rather than technical construction.' . . . the most important considerations are 'the inconvenience and costs of

5. Likewise, this court has held that an appeal would lie from a district court order quashing a subpoena duces tecum, which sought information in connection with pending litigation in another district court and which was served on an individual who was not a party to such litigation, since absent an immediate appeal no other effective mode of review would be available. *Premium Service Corp., supra,* 511 F.2d at 227–228 (9th Cir. 1975).

6. Some of the sanction orders authorized by Rule 37 are clearly final and appealable, such as orders dismissing an action or entering a default judgment. 4 Moore's ¶ 26.83[7] at 26–599 through 26–601; *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Collins v. Wayland,* 139 F.2d 677 (9th Cir. 1944). Other orders, however, are clearly interlocutory and thus non-appealable. *Hartley Pen Co. v. United States District Court,* 287 F.2d 324, 329 (9th Cir. 1961). Normally, the imposition of the

Rule 37(b)(2) sanction of attorney's fees and expenses upon a non-complying party is considered to be interlocutory. *Cf. Ind. Investor Protective League v. Touche Ross & Co.,* 542 F.2d 156, 157–58 (2d Cir. 1976); *Cromaglass Corp. v. Ferm,* 500 F.2d 601, 605 (3rd Cir. 1974).

7. In *Ind. Investor Protective League v. Touche Ross & Co.,* 542 F.2d 156, 157–58 (2d Cir. 1976), it was held that part of an order requiring a party to pay expenses pursuant to a Rule 37(b) motion was not a final order, since it adjudicated only the liability and did not determine the amount of compensatory damages yet to be litigated. The court, there, went further and stated, in dictum, that even if the damages were determined, the non-party attorney who was also ordered to pay for the expenses may have been so allied with the named party so as to preclude interlocutory review of the order to pay compensatory expenses. *Compare* however the dicta in *Cromaglass Corp. v. Ferm,* 500 F.2d 601, 604–05 (3rd Cir. 1974).

piecemeal review on the one hand and the danger of denying justice by delay on the other.' " *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 152–53, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964). An order to pay attorney's fees and expenses under Rule 37(b)(2) is similar in both its purpose and effect to fines imposed for civil contempt which are made payable to an opponent to compensate the latter for loss sustained as a result of the contemnor's conduct. *See* Advisory Committee Note of 1970 to Amended Rule 37. As in the case of a civil contempt order, the non-party cannot argue the propriety of the Rule 37(b)(2) sanction for attorney's fees in an appeal from the final judgment as a party to the suit would be able to do. Unless he can obtain a review of the order and sanction at the time it is imposed, a non-party will have no right of review at all. There is *no danger of piecemeal review* in this type of case as such orders are, for all practical purposes, final. Thus, the order requiring Haffkine to pay the attorney's fees and expenses incurred by the failure to answer is appealable as it is final as to a non-party.

Appellee, however, argues that the officer, director or managing agent of a party is to be treated as a party under Rule 37. Appellee's Brief, page 5. While Rule 37 does make reference to officers, directors, and managing agents of a party as well as to individual parties themselves, there is no language to indicate that they are to be treated as identical entities. Likewise, even if Rule 37 did create such a rule, there is no indication that that treatment would carry over to control the distinction between parties and non-parties for purposes of determining finality for appeal. Indeed, this court in *Fenton, supra,* 139 F.2d at 610, rejected the contention that, in determining the finality of judgments for appeal, officers of corporate defendants must be considered as parties even though the suit is filed against the corporation. Appellee fails to cite, and no cases have been found, which support his argument on this issue.

8. Indeed, even though Rule 401(a) became effective in 1973, no cases could be found which

## 2. *Jurisdiction after the Filing of the Bankruptcy Petition.*

Rule 401(a) of the FRBP provides that the filing of a bankruptcy petition operates as a stay on the commencement or continuation of any action against the bankrupt if the action is founded on an unsecured provable debt except for certain specific exceptions not relevant to this case. Here, prior to any such filing, the United States Magistrate determined that Hooker Music had failed to answer plaintiff's initial set of interrogatories and ordered it to do so by November 18, 1974. Plaintiff subsequently moved for sanctions under Rule 37 of the FRCP. On November 26, 1974, the bankruptcy petition was filed. In response to the defendant's motion to stay the proceedings, the district court judge recognized that the suit had to be stayed pursuant to Rule 401(a). He nevertheless granted the stay subject to an order requiring the defendant to answer the interrogatories within ten days. The order and sanction which are the subject of the present appeal arose from the failure of the defendant and its managing agent to answer.

No cases were discovered which directly discussed the propriety of a trial court's ordering of a delinquent defendant to obey an earlier discovery order where, in the interim, the defendant files a bankruptcy petition.[8] While the language of Rule 401(a) is extremely broad, there are several reasons to find that the actions of the trial court here were entirely proper and consistent with the operation of Rule 401(a).

First, the basic purpose of Rule 401(a) is to protect the bankrupt and to relieve the courts from pointless and needless litigation. Advisory Committee Note to Rule 401. Rule 401 reinforces and supplements Section 11a of the Bankruptcy Act wherein Congress expressed its concern that the sweep of an order of discharge not be impaired and that a bankrupt not be obliged to litigate over debts which are dischargeable. 12 Collier on Bankruptcy

discuss the precise nature of the stay imposed by Rule 401(a).

¶ 401.2, at 4–5 (14th ed. 1975) ("Collier"). The district court's order herein is not contrary to that purpose as it does not involve a determination of the ultimate obligation of the bankrupt nor does it represent a ploy by a creditor to harass him. The order requiring obedience by the corporate defendant and its managing agent with the prior court order to answer interrogatories and imposing a sanction on the managing agent for his prior failure to comply in no way affects the operation of the stay in the main proceeding. *Cf. In re Franklin National Bank Securities Litigation,* 393 F.Supp. 1093, 1095–96 (Jud. Pan. Mult. Lit. 1975).

Second, it is noted that a stay of a suit pending in another court against the bankrupt is not a dismissal of the suit nor does it deprive the court of jurisdiction over the matter; it merely suspends the proceedings. 1A Collier ¶ 11.07, at 1167; *Hill v. Harding,* 107 U.S. 631, 633–34, 2 S.Ct. 404, 27 L.Ed. 493 (1882). Whether every aspect of the proceeding is to be suspended is the question raised herein. Previous cases have held that "suits" or "actions" to be stayed, as used in the bankruptcy statutes and rules, would not include contempt proceedings arising out of disobedience of a state court order made prior to the stay. 1A Collier ¶ 11.02, at 1147–48; *In re Hall,* 170 F. 721 (S.D.N.Y.1909); *In re Spagat,* 4 F.Supp. 926, 927 (S.D.N.Y.1933). The language of *In re Spagat, id.,* is instructive:

"But the order of the state court requiring the debtor to appear for examination was issued prior to the filing of the petition. It was a valid order when made. It was still a valid order when served on the bankrupt, a few hours after filing of the petition but long before adjudication. The bankrupt was bound to obey it, in the absence of a stay from the bankruptcy court, and no stay was obtained. The subsequent orders of the state court in the contempt proceeding were likewise valid. By these orders the court did not attempt in any way to interfere with the property which had passed to the control of the bankruptcy court; it sought merely to vindicate its dignity which had been affronted by the contumacious conduct of a person who ignored its order."

Likewise, in the case of *In re Hall, supra,* 170 F. at 721, it is stated:

". . . though the stay would prevent any further steps from being taken in the action, yet if, prior to the stay, the bankrupt had actually disobeyed the order of the court, his punishment must be entirely for the court. It can make no difference that the court has not fixed this punishment prior to the stay itself."

That the present case concerns orders arising in a litigation in the federal district court should not affect the above mentioned rule.

In conclusion, despite filing of the bankruptcy petition and the broad language of Rule 401(a), it was entirely consistent for the trial court to grant a stay of the principal proceedings but to continue to order the corporate defendant and its managing agent to comply with a prior discovery order issued by the United States Magistrate and later adopted by the trial court. Pursuant to that limited continuation of a collateral aspect of litigation, it was also within the trial judge's power to consider whether the defendant and its agent were in contempt of court pursuant to Rule 37 of the FRCP for failure to follow the prior orders. The imposition of the sanction in this case was, therefore, within the power of the court below.

### 3. *Abuse of Discretion.*

As this court has stated, "[b]y the very nature of its language, sanctions imposed under Rule 37(b) must be left to the sound discretion of the trial judge." *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 844 (9th Cir. 1976); *see also Craig v. Far West Engineering Co.,* 265 F.2d 251, 260 (9th Cir.) *cert. denied,* 361 U.S. 816, 80 S.Ct. 57, 4 L.Ed.2d 63 (1959); 8 Wright and Miller § 2284, at 764–72. On review, the question is not whether the reviewing court would have applied the sanction but whether the district court abused its discretion in so

doing. *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

Rule 37(b)(2) provides that if a party or, in the case of a corporate entity, its officer, director or managing agent, fails to obey an order to provide discovery, the trial court "may make such orders in regard to the failure as are just." After listing various sanctions as examples, Rule 37(b)(2) provides that:

> "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

As explained in the Notes of the Advisory Committee on Rule 37, "[s]ubdivision (b)(2) is amplified to provide for payment of reasonable expenses caused by the failure to obey the order. . . . The provision places the burden on the disobedient party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust."

The sanction of attorney's fees and expenses issued herein was made pursuant to the plaintiff's motion for sanctions for failure to comply with the court's order. Consequently, the controlling statutory provision is Rule 37(b) of the FRCP and not Rule 37(a) which includes a provision for an award of expenses to cover a motion *to secure* an order compelling discovery, as argued in appellant's briefs. As to the propriety of the sanction, three objections were made.

▮▮▮▮▮ An initial question arises as to whether the sanction was warranted. Specifically, the appellant argues that the record is void as to any willful or intentional failure to comply with the court's order.

However, that argument is not convincing for two reasons. First, as previously noted, if a failure to comply has occurred, it becomes encumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37. Thus, appellant's contention that the record does not show willful non-compliance (a contention which is not supported by an examination of the record) does not help his position where the record clearly demonstrates a complete failure to answer the interrogatories or to explain the failure to respond which existed for a period of over three months from the date answers were originally due and one month after the date on which the district court ordered them to be answered.[9] The defendant did allege at the hearing on the order to show cause that much of the problem stemmed from the refusal of the defendant's New York accounting firm to cooperate with the defendant until its bills were paid. However, while that fact, if proven, might have excused the failure to completely answer the interrogatories, it could not excuse the nonfeasance by the defendant herein. Second, as stated in the Notes of the Advisory Committee on Rule 37, wilfullness is not a necessary element for the imposition of expenses and attorney's fees.

> "Rule 37 sometimes refers to a 'failure' to afford discovery and at other times to a 'refusal' to do so. Taking note of this dual terminology, courts have imported into 'refusal' a requirement of 'wilfullness.' See *Roth v. Paramount Pictures Corp.,* 8 F.R.D. 31 (W.D.Pa.1948); *Campbell v. Johnson,* 101 F.Supp. 705, 707 (S.D. N.Y.1951). In *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Supreme Court concluded that the rather random use of these two terms in Rule 37 showed no design to use them with consistently dis-

---

**9.** The interrogatories were mailed to the defendant by the plaintiff's attorney on September 19, 1974. No answers were received until after mid-January 1975. On December 5, 1974, the district court adopted the United States Magistrate's order requiring the defendant to answer the interrogatories.

tinctive meanings, that 'refused' in Rule 37(b)(2) meant simply a failure to comply, and that wilfullness was relevant only to the selection of sanctions, if any, to be imposed. Nevertheless, after the decision in *Societe* the court in *Hinson v. Michigan Mutual Liability Co.*, 275 F.2d 537 (5th Cir. 1960) once again ruled that 'refusal' required wilfullness. Substitution of 'failure' for 'refusal' throughout Rule 37 should eliminate this confusion and bring the rule into harmony with the *Societe Internationale* decision. *See Rosenberg, supra*, 58 Col.L.Rev. 480, 489–490 (1958).

.    .    .    .    .

"The resulting flexibility as to sanctions eliminates any need to retain the requirement that the failure to appear or respond be 'wilful.' The concept of 'wilful failure' is at best subtle and difficult, and the cases do not supply a bright line. Many courts have imposed sanctions without referring to wilfullness. *E. g., Milewski v. Schneider Transportation Co.*, 238 F.2d 397 (6th Cir. 1956); *Dictograph Products, Inc. v. Kentworth Corp.*, 7 F.R.D. 543 (W.D.Ky.1947). In addition, in view of the possibility of light sanctions, even a negligent failure should come within 37(d). If default is caused by counsel's ignorance of Federal practice, *cf. Dunn v. Pa. R.R.*, 96 F.Supp. 597 (N.D.Ohio 1951), or by his preoccupation with another aspect of the case, *cf. Maurer-Neuer, Inc. v. United Packinghouse Workers*, 26 F.R.D. 139 (D.Kan.1960), dismissal of the action and default judgment are not justified, but the imposition of expenses and fees may well be. 'Wilfullness' continues to play a role, along with various other factors, in the choice of sanctions. Thus, the scheme conforms to Rule 37(b) as construed by the Supreme Court in *Societe Internationale v. Rogers*, 357 U.S. 197, 208, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958)."

■ Another question raised concerns the propriety of applying the sanction of expenses and fees to the defendant's man-

aging agent. In the answers to the interrogatories verified by Haffkine, it states that Haffkine is the sole officer of Hooker Music. Consequently, as a corporation must speak through an individual, 4A Moore's ¶ 33.07 at 33–44, there is no doubt that Haffkine was the only individual who could answer the interrogatories for the corporate defendant. Likewise, as the only corporate officer, Haffkine was responsible for managing the litigation for the defendant.[10]

■ While Rule 37(b) provides that an attorney advising a disobedient party as well as the party may be ordered to pay expenses and attorney's fees, there is no explicit provision in the Rule to extend that sanction to a corporate officer who is responsible for the failure to comply. No cases on point have been located. However, Rule 37(b) does provide that the court "may make such orders in regard to the failure as are just."

At the hearing on the motion for a stay pursuant to Rule 401(a) of the FRBP on January 9, 1975, the district court indicated that it was very displeased with the failure of the corporation and its officer to answer the interrogatories. Specifically the court stated:

"There has been so much stalling around here, I am determined and I am beginning to get to the point where I think the dignity and the respect of the Court is being assailed by the failure to answer those interrogatories, and I mean to get very hard. . . .

"So, ten days from now, prepare your [Reference to Plaintiff's Attorney] order to show cause why the defendant, any persons connected with them that you want, shouldn't be held in contempt, if you haven't gotten your answers." R.T. at 5.

It is clear therefore that Haffkine was on notice as to the possibility of his being sanctioned for not answering the interrogatories. Given that notice, Haffkine's posi-

---

**10.** There is nothing in the record before us to indicate that Haffkine himself has either petitioned for bankruptcy, or been adjudicated a bankrupt.

tion as the sole officer of the corporation and his continued failure to answer, the imposition of the sanction by the district court appears to be "just" in light of Rule 37(b)(2).

A third objection raised by the appellant concerns the amount of the award. Rule 37(b)(2) provides that the court may order the disobedient individual to pay attorney's fees and costs caused by the failure to obey the court's order. In this case, the plaintiff's attorney had previously been awarded fees and expenses incurred by the attorney in securing the order compelling discovery.[11] Thus, the $2,000.00 award herein could only be justified if it represented the costs arising from the appellant's failure to obey the order and not for the prior nonfeasance. Otherwise, plaintiff's attorney would be awarded his expenses and fees twice.[12] The affidavit submitted by the plaintiff's attorney to justify the amount fails to adequately explain or itemize the individual costs which comprise the award. The $2,000.00 figure, by itself, seems rather high if it only stems from the attorney's fees and expenses incurred by appellant's failure to comply with the court's discovery order.[13] While recognizing the appropriateness of the sanction itself, we bow to the judgment of the trial court judge, and his opinion as to what the penalty should be.

### 4. Frivolity of Appellant's Appeal.

Appellee charges that appellant's appeal here is frivolous and requests damages pursuant to Rule 38 of the Federal Rules of Appellate Procedure. As can be gleaned from the lengthy discussion devoted to the issues raised by the appeal, this court does not consider them to be frivolous.

### CONCLUSION:

The order of the district court below is appealable as to the issue of the sanction awarded against Haffkine, a non-party to the litigation. The district court had the power, despite the filing of a bankruptcy petition, to order the corporate defendant and its managing agent to comply with a prior discovery order properly issued by the United States Magistrate and subsequently adopted by the court. Pursuant to that limited continuation of the collateral aspect of the litigation, the district court was likewise empowered to order sanctions that were just; which in this case would include a sanction against the sole officer of the corporate defendant who had been previously warned of possible penalties for a continued failure to answer plaintiff's interrogatories.

The order of the district court is AFFIRMED.

J. BLAINE ANDERSON, Circuit Judge, concurring and dissenting:

I concur in all aspects of the opinion except that relating to the amount of the award made to plaintiff under Rule 37(b)(2), F.R.Civ.P. While I entertain no doubt that plaintiff is entitled to an award of expenses and reasonable attorneys' fees for the disobedience of Haffkine, there is simply no factual support in the record before us for the assessment of $2,000.00. Therefore, I would remand on this issue for further proceedings.

11. In sum, due to defendant's prior failures to complete discovery previously ordered, the plaintiff's attorney had received three prior awards of expenses and fees, which amounted to $250.00, $250.00 and $750.00, respectively.

12. While conceivably the district court judge could have held the appellant jointly liable with the corporate defendant for the prior awards stemming from the failure to answer, there is no indication that he did so. Likewise, the order issued by the district court is not defined as arising from the prior non-compliance but rather is "a result of such failure as ordered."

13. Between the time of the prior award for expenses of the motion for an order compelling discovery and the present grant of the award for expenses of the failure to comply with the order, the record only indicates that the plaintiff's attorney filed one motion for an order to show cause, filed one affidavit to justify his expenses and appeared at a brief hearing on the order to show cause.