19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael H. MELLEN, et al., Plaintiffs-Appellants,
v.
COUNTY OF LOS ANGELES, et al., Defendants-Appellees.
 No. 92-55900.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 3, 1994.
Decided March 3, 1994.
 
 Before: D.W. NELSON, REINHARDT, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Attorneys Robert Mann and Donald W. Cook ("Appellants") appeal discovery sanctions in the amount of $1,000 imposed by the district court in an underlying Sec. 1983 civil rights action. We reverse.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Appellants represent several individual plaintiffs in dog bite cases against the County of Los Angeles ("the County"). The suits allege that, under 42 U.S.C. Secs. 1983 and 1985, as well as several state statutes, certain sheriff's deputies violated the civil rights of several arrestees when the deputies ordered their police dogs to attack them after the arrestees were handcuffed and otherwise subdued upon apprehension.
 
 
 4
 Two of these dog bite cases, Mellen v. County of Los Angeles, CV 90-687-JGD, and Clark v. County of Los Angeles, CV 90-5859-JGD, are before Central District Court Judge John G. Davies. Judge Davies set the discovery deadline in Mellen for January 7, 1991. More than a year later, beginning on March 16, 1992, Appellants noticed the depositions of two witnesses to the dog attack on Mellen in four other dog bite cases in which they were plaintiff's counsel. The witnesses, Kirk Jensen ("Jensen") and Jim Stadler ("Stadler"), own the warehouse that Mellen attempted to burglarize when he was arrested. Appellants argued to the district court that they intended to use Jensen's and Stadler's testimony regarding the dog attack on Mellen in other dog bite cases to prove under Monell v. Dep't of Social Services, 436 U.S. 658 (1978), that the County had engaged in a pattern and practice of unlawful dog attacks.
 
 
 5
 Claiming that Appellants' true motive for deposing Jensen and Stadler in the other cases was to circumvent the discovery cutoff in the Mellen case, the County moved to quash the deposition subpoenas and for sanctions against Appellants in the other cases.[1] At the same time, the County made the same requests in Mellen. The County contended that neither Jensen nor Stadler saw the dog attack on Mellen, and, even if they had, that anything they perceived would be irrelevant to cases other than Mellen.
 
 
 6
 Without explanation, Judge Tevrizian, who was presiding over one of Appellants' other federal dog bite cases, Reyes v. County of Los Angeles, et al., 90 6341 DT, granted the County's ex parte application for an order quashing the deposition subpoenas of Jensen and Stadler, and issued a protective order prohibiting Appellants from taking their depositions in Reyes. Judge Davies was formally notified of these actions.
 
 
 7
 In an order dated June 4, 1992, Judge Davies granted $1,000 in sanctions against Appellants, stating that they violated the discovery rules by conducting discovery for Mellen through other dog bite cases. [E.R. at 14]. However, he stated that "[p]laintiff has a right to prove his case," and denied the County's motion to quash the deposition subpoenas, denied its motion to bar the calling of Jensen and Stadler as witnesses, and denied the County's motion to bar Appellants from using evidence obtained from other actions in Mellen. [E.R. at 13].
 
 
 8
 This court has jurisdiction to hear this appeal under 28 U.S.C. Sec. 1291 (1992). Discovery sanctions against nonparties to an underlying suit are final orders and therefore appealable. David v. Hooker, Ltd., 560 F.2d 412, 417 (9th Cir.1977).
 
 DISCUSSION
 A. Standard of Review
 
 9
 In its order sanctioning Appellants, the district court did not specify the authority under which it was acting. However, the power to sanction arises from several sources, and, the standard of review is the same no matter what the source of the sanctioning power.[2] Discovery sanctions will be reversed only if the district court abused its discretion. Adriana Int'l. Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990). Findings of fact related to a motion for discovery sanctions are reviewed under the clearly erroneous standard. Id.
 
 B. Analysis
 
 10
 Appellants argue that the district court abused its discretion in imposing discovery sanctions because it was appropriate for them to depose potential witnesses to the attack on Mellen in other dog bite cases. They contend, as they asserted before the district court, that the testimony of Jensen and Stadler is relevant to any Los Angeles County Sheriff's dog bite case to prove under Monell that the County had a pattern and practice of unlawful dog attacks. They claim that the district court therefore clearly erred in finding that their sole motive for taking the depositions in other cases was to circumvent the discovery cutoff in Mellen. We agree.
 
 
 11
 In other Sec. 1983 cases in which Monell claims have been brought against a governmental entity, courts have admitted evidence of other incidents of excessive force or unlawful dog attacks to show a pattern of misconduct. Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.1991) ("[E]vidence of the series of incidents of excessive force involving different police officers ... [was] admissible against the County and the Sheriff's Department in order to show a pattern of misconduct."); Kerr v. City of West Palm Beach, 875 F.2d 1546, 1557 n. 19 (11th Cir.1989) (noting that it was clearly erroneous for the district court to exclude evidence of five other lawsuits alleging an officer's use of excessive force because it was "not only highly relevant, but essential" to proving that the city must have known its officer engaged in unconstitutional conduct).
 
 
 12
 In Grandstaff v. City of Borger, 767 F.2d 161 (1985), the Fifth Circuit stated,
 
 
 13
 An injured plaintiff is not likely to document proof of a policy or disposition, either of the policymaker or throughout the police force, that disregards human life and safety. The disposition must be inferred circumstantially from conduct of the officers and of the policymaker. Prior incidents of abusive police conduct tend to prove a pattern or custom and the accession to that custom by the policymaker.
 
 
 14
 Id. at 171.
 
 
 15
 The district court failed to give sufficient weight to the fact that the testimony sought from Jensen and Stadler was relevant to other dog bite cases. In also imposing sanctions against Appellants in Clark v. County of Los Angeles, the other dog bite case before it in which Appellants served as plaintiff's counsel, the district court said:
 
 
 16
 The proposed witnesses, Kirk Jensen and Jim Stadler, by the preponderence of the evidence that was offered in these motions, do not appear to be witnesses who are knowledgeable of facts that relate, either to the Mellen or to the Clark case. Maybe to the Mellen case.... They are people who, perhaps, are witnesses that could be utilized by Plaintiff in the Mellen case, but not the Clark case, and the attempted discovery in Clark appears to be an effort to circumvent the discovery cut-off requirements in Mellen, ergo, sanctions.
 
 
 17
 [R.T. 1:10-20].
 
 
 18
 Contrary to the district court's finding, Appellants' efforts to depose two potential witnesses to the dog attack on Mellen in other cases were not only appropriate, but were arguably a necessary means of proving the County's liability under Monell based on practice or custom. The testimony of an unbiased, third-party witness to a dog bite incident is likely to be more probative of the nature of police policy than is, for instance, statistical evidence of the number of dog bite claims filed against the County in recent years.
 
 
 19
 Appellants' method of proving a pattern and practice of unlawful dog attacks in their other dog bite cases was entirely appropriate. Furthermore, neither the County nor the district court cited any other evidence that would support the finding that Appellants' motive in seeking the depositions in other cases was to circumvent the discovery cutoff in Mellen. Accordingly, the order of the district court is REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 One of these other cases was Clark v. County of Los Angeles, which, as noted above, also was before Judge Davies. Judge Davies also sanctioned Appellants in Clark for attempting to take the Jensen and Stadler depositions, and Appellants also appealed the Clark sanctions to this court. We deal with Clark in a separate memorandum disposition
 
 
 [2]
 See Zaldivar v. City of Los Angeles, 780 F.2d 823, 828 (9th Cir.1986) (reviewing Rule 11 sanctions); Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1538 (11th Cir.1993) (reviewing sanctions imposed under Rule 26(g) and 28 U.S.C. Sec. 1927); Adriana Int'l. Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990) (reviewing sanctions imposed under Rule 37(b)(2)); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985) (reviewing sanctions imposed under a court's inherent powers)