Cote v. Rockingham County          CV-93-348-L    04/04/95

**THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Alfred F. Cote


        v.                                    #C-93-348-L

Rockingham County, et al.


                            ORDER

        The court has once again before it motions pertaining to
discovery and motions to dismiss.

        Reviewing succinctly the facts of this case the plaintiff
brought suit in June, 1993.

        Magistrate Judge Barry made a report and recommendation on
July 21, 1993 approved by this court on September 23, 1993.

        In essence, the plaintiff's viable actions are the following
counts:

        One, Inadequate Law Library

        Two, Exposure to Environmental Tobacco Smoke (ETS)

        Three, Inadequate Medical Care.

        Four, Freedom of Religion.

        The court and Magistrate Judge Barry have dealt with a
plethora of motions filed by the defendants in this case
complaining about the lack of cooperation in pre-trial discovery
by the pro se plaintiff.  Discovery has been extended until April
15, 1995, pretrial material is due May 1, 1995, final pretrial

is scheduled for June 8, 1995 and a jury trial is set for the second week period beginning June 20, 1995.

Presently before the court are the following:

Docket entry # 53, Non Assented To Motion Of Rockingham County, et al To Dismiss Plaintiff's Complaint Pursuant To Rule 37 Of The Rules Of Civil Procedure.

Docket entry # 54, Plaintiff's Objection To Motion To Dismiss.

Docket entry #55, Defendants' Rockingham County, et al, Response To Plaintiff's Objection To Motion To Dismiss.

Docket entry #56, Defendant, Douglas Bevins, D.M.D.'S Motion For Summary Judgment. This was filed March 30, 1995 and the plaintiff has twenty days to respond.

With respect to docket entry #53 the defendants have set forth in some detail a litany of complaints about the plaintiff's failure to respond to interrogatories. In docket entry #54 plaintiff has responded to the litany of complaints filed by the defendants.

Rule 37 allows sanctions against a party who fails to make disclosure or cooperate in discovery.

Rule 37 sometimes refers to a "failure" to afford discovery and at other times to a "refusal" to do so. Taking note of this dual terminology, courts have imported into "refusal" a require-

2

ment of "willfulness."  <u>Roth v. Paramount Pictures Distributing Corp.</u>, 8 F.R.D. 31 (W.D.Pa. 1948); <u>Campbell v. Johnson</u>, 101 F. Supp. 705, 707 (S.D.N.H. 1951).

The court addresses defendants' concerns germane to plaintiff's failure to provide medical releases.  The plaintiff, in responding to this motion, stated:  "All medical releases requested by both Attorney Gardner and Stolzon were signed and returned to them and no new releases have been ever mailed to the plaintiff."  Defendants allege that three sets of medical records have been sent to the plaintiff and the medical releases were never returned to defendants.

The court finds itself in a quandary with respect to the medical records.  If in fact the defendants have not received the medical records, plaintiff at the time of trial will be obviated from introducing any evidence concerning medical records and severe sanctions may be warranted.

The court next addresses plaintiff's alleged failure to respond to interrogatories.  The court agrees that plaintiff's responses thereto are not paragons of legal pleadings which is to be expected, as the plaintiff is a pro se litigant.  As a pro se litigant in court he shall be accorded respect and proper deference as if he was a member of the New Hampshire Bar, but he shall not be given any edge over defendants' counsel.  Plaintiff

3

shall be bound by his answers to interrogatories propounded by defendants' counsel and shall not be allowed at the trial to expound or add thereto to the detriment of defendants' case.

While not incumbent upon the defendants to procure information from the United States District Court from a practical viewpoint considering what is involved in this case it would appear feasible to do so. This is a picayune objection.

With reference to the Freedom of Religion claims, while not comprehensive the answers to the interrogatories are sufficient as to the alleged disregard of tolerance of plaintiff's Mormon faith. Again the court reiterates that at trial the plaintiff may not embellish by going outside the parameters of his answers to interrogatories.

The motion to dismiss, pursuant to Rule 37, is denied subject to caveats to the plaintiff in the submission of his evidence in his case.

With respect to the medical records this is a question of fact whether or not defendants' counsel actually received them. The court will conduct a preliminary hearing at the pretrial

4

hearing June 8, 1995 with the parties under oath with respect to this issue.

April 6, 1995

_____
Martin F. Loughlin
Senior Judge

Alfred R. Cote
Mark H. Gardner, Esq.
Bradley A. Stolzer, Esq.